[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 25, 2001
THOMAS K. KAHN
CLERK

_____

No. 99-15208
Non-Argument Calendar

_____

D. C. Docket No. 97-00314-CR-J-20C

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK RAYMOND FORD,
a.k.a. Dred,
a.k.a. Benjamin Lee Green,
a.k.a. Donald Wray,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 25, 2001)

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BIRCH, CARNES and FAY, Circuit Judges.

PER CURIAM:

In this case, appellant was convicted on charges of conspiracy to possess with intent to distribute cocaine base, possession with intent to distribute cocaine base, possession with intent to distribute cocaine and possession of firearms and ammunition by a convicted felon. Based upon these convictions, multiple prior drug convictions and a long history of prior convictions for a variety of crimes, the sentencing judge imposed a life sentence as prescribed by 21 U.S.C. § 841(b).

On his direct appeal, appellant raised five areas of attack: (1) Denial of a motion to suppress; (2) Sufficiency of the evidence; (3) Denial of a requested jury instruction; (4) The calculation of the amount of drugs he was responsible for in the sentencing, and (5) Denial of a motion for new trial. We affirmed the convictions and sentence.

Subsequent to our affirmance, Ford filed a petition for rehearing in which he attempted to raise an issue under Apprendi v. New Jersey, 530 U.S. 466 (2000). He requested to file a supplemental brief in this regard. We denied these requests.

Thereafter, appellant filed a petition for a writ of certiorari in the Supreme Court and that court vacated our opinion and remanded for further consideration in light of Apprendi. We requested and have received supplemental briefs from the parties. Having reconsidered our decision pursuant to the instructions from the

2

Supreme Court, we reinstate our opinion and judgment affirming the convictions and sentence.

In the first instance, under our clear precedent, Ford has not properly raised an Apprendi issue in his direct appeal. As discussed in United States v. Ardley, 242 F.3d 989 (11th Cir. 2001), our well established rule is that issues and contentions not timely raised in the briefs are deemed abandoned. Hartsfield v. Lemacks, 50 F.3d 950, 953 (11th Cir. 1995) ("We note that issues that clearly are not designated in the initial brief ordinarily are considered abandoned.") (quotation marks and citations omitted); Marek v. Singletary, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995) ("Issues not clearly raised in the briefs are considered abandoned."); Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989). We have recently applied this rule to Apprendi issues. See United States v. Nealy, 232 F.3d 825, 830, (11th Cir. 2000) ("Defendant abandoned the [Apprendi] indictment issue by not raising the issue in his initial brief."). Id. at 989-90.

Assuming, for purposes of discussion only, that the Apprendi issues were before us, we find no merit in the contentions being made. The gravamen of the argument is that the district court lacked jurisdiction to sentence appellant to life imprisonment because the indictment did not set forth the quantity of drugs involved. This contention has received consideration by our court and been rejected. See McCoy v. United States, 2001 WL 1131653 (11th Cir. 2001). Apprendi claims are not jurisdictional. Ford also argues that 21 U.S.C. §

3

841(b)(1)(A) is facially unconstitutional but acknowledges that we have ruled to the contrary in <u>United States v. Candelario</u>, 240 F.3d 1300 (11th Cir. 2001). These arguments have been rejected most recently in <u>United States v. Sanchez</u>, 2001WL 1242087 (11th Cir. 2001)(en banc).

The earlier ruling of this court is reinstated and the convictions and sentence are **AFFIRMED**.