[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2005
THOMAS K. KAHN
CLERK

No. 04-11700
Non-Argument Calendar

_____

D. C. Docket No. 03-00428-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MANUEL CABEZAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 7, 2005)

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Jose Manuel Cabezas appeals his 135-month sentence and conviction for

possession with intent to distribute 5 or more grams of cocaine in violation of 21

U.S.C. § 960(b)(1)(B)(ii) and the Maritime Drug Law Enforcement Act (MDLEA), 46 U.S.C. App. § 1903. First, Cabezas argues that the sentencing judge committed plain error by considering the Federal Guidelines to be mandatory and making enhancements based on judicial fact-finding in light of United States v. Booker, 543 U.S.___, 125 S. Ct. 738 (2005). Second, he argues that the district court erred when it enhanced his sentence under U.S.S.G. § 2D1.1(b)(2)(B) for being a "captain" of the drug-carrying vessel. Lastly, Cabezas argues that the MDLEA is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000,) because it incorporates by reference the penalty provisions of 21 U.S.C. § 960 and allows a judge to decide "sentencing factors" that are more properly submitted to a jury.

## I. Cabezas' Booker Challenge

Cabezas failed to object to judicial fact-finding used to enhance his sentence or to the mandatory application of the sentencing guidelines in the district court. In his initial brief on appeal, Cabezas alleged that his sentence was unconstitutional in light of the Supreme Court's opinion in Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).[1] Accordingly, we review for plain error. See United States v. Dowling, 403 F.3d 1242, 1245-47 (11th Cir. 2005) (explaining

---

[1]    Because Booker was decided after briefing in this case was completed, we requested and received supplemental briefing on Cabezas' Booker claim.

2

what is required to preserve a <u>Booker</u> error and reviewing the defendant's claim for plain error because it was first raised in the initial brief on appeal).

We have discretion to correct an error under the plain error standard where (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. <u>United States v. Olano</u>, 507 U.S. 725, 732-36, 113 S. Ct. 1770, 1777-79 (1993).

In <u>United States v. Booker</u>, 542 U.S. __, 125 S. Ct. 738 (2005), the Supreme Court announced that sentencing enhancements made pursuant to mandatory Federal Sentencing Guidelines and based on judicially found facts violated the Sixth Amendment. <u>Id.</u> at ___, 125 S. Ct. at 747-50. Accordingly, the Court struck the statute provisions making the Federal Sentencing Guidelines mandatory, and rendered the guidelines effectively advisory. <u>Id.</u> at ___, 125 S.Ct at 756-57.

In <u>United States v. Rodriguez</u>, 398 F.3d 1291(11th Cir. 2005), we applied plain error analysis to a claim that the defendant's sentence violated his Fifth and Sixth Amendment rights in light of <u>Booker</u>. The <u>Rodriguez</u> opinion stated that a sentence enhancement based on a fact, other than a prior conviction, found solely by the judge in a mandatory guideline system met the first and second prongs of the plain error test. <u>Id.</u> at 1298-99. Applying the third prong, the court in

3

Rodriguez then asked "[w]hether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." Id. at 1301. Emphasizing that the defendant bore the burden of persuasion with respect to prejudice, the court in Rodriguez found that the defendant could not meet his burden because the record provided no indication that advisory guidelines would have resulted in a lesser sentence. Id. at 1301.

Similarly, Cabezas cannot show that his sentence would be any lower if the judge understood the guidelines to be advisory rather than mandatory. Cabezas argues that because he was sentenced at the lowest end of the guidelines range and because the judge refused to depart downward in order to achieve sentencing parity with his co-defendants, he has met his burden and demonstrated that the mandatory guidelines resulted in an increased sentence. However, it simply does not follow that a judge's refusal to depart downward based on sentencing parity somehow indicates a reasonable probability that the judge would depart in an advisory regime. A sentence at the lowest end of the guidelines range, by itself, is insufficient to demonstrate a reasonable probability that the judge would depart from the guidelines altogether in an advisory system. See United States v. Fields, __F.3d__, 2005 WL 1131778 at *4 (11th Cir. May 16, 2005) ("We agree with the

4

First, Fourth, Fifth, and Eighth Circuits that the fact that the district court sentenced the defendant to the bottom of the applicable guidelines range establishes only that the court felt that sentence was appropriate under the mandatory guidelines system. It does not establish a reasonable probability that the court would have imposed a lesser sentence under an advisory regime.").  Thus, Cabezas cannot satisfy the third prong of the plain error test because he cannot show that the Booker error affected his substantial rights.

## II.  Cabezas's Challenge to Being Found a "Captain"

Cabezas argues that he was a captain in name only, not in the functions he actually performed on the boat, making the sentencing court's enhancement under U.S.S.G. § 2D1.1(b)(2)(B) inappropriate.

We review "a district court's findings of fact for clear error."  United States v. Rendon, 354 F.3d 1320, 1329 (11th Cir. 2003).  Under U.S.S.G. § 2D1.1(b)(2)(B), a defendant's sentence is increased two levels if he "acted as a pilot, copilot, captain, navigator, flight officer, or any other operation officer aboard any craft or vessel."  The guidelines do not define "captain," although in Rendon we noted that decisions interpreting it have  "declined to adopt a rigid definition."  Rendon, 354 F.3d at 1329.  We also cited two decisions from other circuits holding that a defendant need only "act as" a captain to warrant an

5

enhancement, and need not possess any "special navigational rank or skills."  Id. (citations omitted).

The evidence showed that Cabezas had been serving as the captain of ships since he was 26, admitted he recruited the personnel, slept in one of the two state rooms, and initially told the Coast Guard that he was the captain, well before he tried to recant or explain away his statement.  Furthermore, even if "navigational rank or skills" are not required, Cabezas's ability to navigate a ship, and skills as a captain, whether or not he knew how to use a sophisticated GPS device, could only serve to bolster the district court's ultimate determination that he was a "captain" of the boat within the meaning of § 2D1.1(b)(2)(B).

### III.  Constitutionality of the MDLEA

Finally, Cabezas argues that the penalty provisions in 21 U.S.C. § 960, referenced by the MDLEA, are unconstitutional under Apprendi, and because those provisions are not severable from the crimes they penalize, both Cabezas' sentence and conviction are void.  However,  Cabezas waived his right to challenge the constitutionality of § 960 and the MDLEA under Apprendi because he unconditionally pled guilty to the charge.

We have held that "[a] defendant's unconditional plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all

non-jurisdictional defects in that defendant's court proceedings." United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997) (quotation and citation omitted). Furthermore, we have held that "[Apprendi] claims are not jurisdictional." United States v. Ford, 270 F.3d 1346, 1347 (11th Cir. 2001).

Here, the lynchpin of Cabezas' constitutional argument is that Apprendi renders unconstitutional the penalty provisions of 21 U.S.C. § 960(b). Because Apprendi claims are not jurisdictional, and Cabezas's unconditional guilty plea waived his right to challenge all non-jurisdictional defects, we decline to address the merits of his challenge.

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Accordingly, Cabezas' 135-month sentence and conviction are

**AFFIRMED.**

7