[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 2, 2005
THOMAS  K. KAHN
CLERK

_____

No. 03-16498
Non-Argument Calendar

_____

D.C. Docket  No. 91-14013-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY JENNINGS,
a.k.a. Rickey,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 2, 2005)**

Before EDMONDSON, Chief Judge, ANDERSON and CARNES, Circuit Judges.

PER CURIAM:

Defendant-Appellant Stanley Jennings appeals the district court's denial on jurisdictional grounds of his pro se motions for (i) specific performance to require the government to file a Fed.R.Crim.P. 35(b) motion for reduction of sentence; and (ii) sentence reduction pursuant to U.S.S.G. § 5K2.0. No reversible error has been shown; we affirm.

At the crux of Jennings appeal is his claim that he provided substantial assistance to the government, and that his assistance contributed to the prosecution and conviction of two drug dealers in 2000. Jennings contends that the Assistant United States Attorney ("AUSA") for the Northern District of Georgia acted in "bad faith" when she promised -- but failed -- to send a letter of recommendation in support of a sentence reduction on Jenning's behalf to the AUSA for the Southern District of Florida.

"Determining whether a motion for reduction of sentence will be filed is reserved to the government, which must ascertain what information the defendant has as well as the truthfulness and usefulness of this information before deciding whether it is appropriate to file a section 5K1.1 motion at sentencing or a Rule 35(b) motion for a convicted defendant thereafter." United States v. Orozco, 160 F.3d 1309, 1315-16 (11th Cir. 1998). Judicial review of a prosecutor's refusal to

file a substantial assistance motion is unavailable except when the refusal is based on an unconstitutional motive. See Wade v. United States, 112 S.Ct. 1840. 1843-44 (1992) ("we hold that federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive.). The exercise of prosecutorial discretion is immunized from judicial review except "when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." United States v. Forney, 9 F.3d 1492, 1502 (11th Cir. 1993)(emphasis in original) (discussing a prosecutor's refusal to file a motion pursuant to U.S.S.G. § 5K1.1).

Jennings alleges no unconstitutional motive underpinning the government's failure to file a substantial assistance motion. Absent such an allegation (which, as we have noted, needs to be sufficiently supported), the district court denied properly Jenning's motion to require the government to file a Rule 35(b) motion for sentence reduction.

Jennings makes no claim of error in his appellate briefs stemming from the district court's jurisdictionally premised denial of Appellant's motion for a downward departure under U.S.S.G. § 5K2.0 for post-conviction rehabilitation.

Issues not raised in the appellant's brief are deemed waived.  See United States v. Ford, 270 F.3d 1346, 1347 (11ᵗʰ Cir. 2001).   And, in any event, the Sentencing Guidelines provide for no downward departure based upon post-sentence rehabilitation when resentencing for an offense.  See U.S.S.G. § 5K2.19.[*]

AFFIRMED.

---

[*] As the government points out, the only statutory basis for modification of an imposed term of imprisonment is 18 U.S.C. § 3582(c);  Appellant points to -- and we see -- satisfaction of no basis under§3582(c) which could support district court authority to reduce Appellant's sentence.