[DO NOT PUBLISH]

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 23, 2005
THOMAS K. KAHN
CLERK

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10011
Non-Argument Calendar

_____

D. C. Docket No. 04-20240-CR-DLG


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA PAEZ-APONTE,
a.k.a. Maria Araujo,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 23, 2005)


Before: TJOFLAT, ANDERSON and CARNES, Circuit Judges.

PER CURIAM:

Maria Paez-Aponte ("Paez") appeals her 30-month sentence for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). According to the Presentence Investigation Report ("PSI"), Paez's husband was the "second in command" of a large methylenedioxmethamphetamine ("MDMA") smuggling conspiracy, in which Paez herself was employed as a "money transmitter," who made wire transfers of money to suppliers.

Paez was sentenced at the same time as two of her female co-defendants, both of whom also had pled guilty to being "money transmitters" in the drug conspiracy. The court granted one of them, a girlfriend of one of the other conspirators, a minor-role reduction, and, in the course of doing so explained:

> I'm always concerned about individuals who commit offenses when . . . they have romantic involvement [with a co-defendant]. I see a number of young ladies who but for being involved with a particular boyfriend or husband probably wouldn't have committed a crime. Usually it evidences itself in drug cases when the young lady has a quantity of drug which equals a ten-year or five-year minimum mandatory [sentence], and there's frankly not much the [c]ourt can do in that regard. This case is a little different. The guidelines are much lower.

The court, however, denied Paez's request for a minor-role reduction, stating:

> The argument that I've heard in the other cases was that the person was the girlfriend . . . and didn't have full knowledge of all of the details . . . In this case, you have agreed that she was in fact aware of the drug link and was more familiar with the day-to-day operation and had more knowledge of the criminal acts and therefore is subject to more of a sanction because of that overall knowledge.

2

Paez contends that the district court erred, in light of United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621(2005), by sentencing her under a mandatory guidelines scheme, and argues that had the guidelines been advisory the district court likely would have sentenced her more leniently. She points out that the court: (1) expressed concern about sentencing individuals who commit crimes because of their romantic involvements with more culpable defendants; and (2) might have considered more mitigating evidence under an advisory scheme, such as the facts that Paez recently had given birth to a child and would not have been involved in the conspiracy but for her husband. She notes that, when it sentenced her, the district court did not consider the 18 U.S.C. § 3553(a) factors in relation to her sentence as a whole, as is now required after Booker. Finally, she contends that, because the remedy dictated in Booker was not foreseeable, applying the Booker remedy after she was sentenced violated her due process rights, because she would have "approached her sentencing . . . differently if she could have had the benefit of Booker."[1]

---

[1]By failing to argue, in her brief, that the district court committed constitutional error, Paez has abandoned this issue, and we will not address it. See United States v. Ford, 270 F.3d 1346, 1347 (11th Cir. 2001) (noting our "well established rule . . . that issues and contentions not timely raised in the briefs are deemed abandoned"). Moreover, even if we were to address the issue, no constitutional plain error occurred because Paez admitted to all of the facts used to enhance her sentence. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005).

Paez's due process argument is foreclosed by our decision in the Rodriguez case as well as all of our many post-Rodriguez decisions affirming pre-Booker sentences because of the

3

Because Paez failed to lodge an objection to her sentence on Booker-related grounds in the district court, we will review this issue only for plain error. See United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir. 2005). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotations omitted).

In Booker, the Supreme Court held that the mandatory nature of the federal sentencing guidelines coupled with the use of extra-verdict enhancements rendered the guidelines incompatible with the Sixth Amendment's guarantee of a right to a jury trial. Booker, 543 U.S. at ___,125 S.Ct. at 749-51. The Court ruled that sentencing courts nevertheless must consider the guidelines in an advisory manner, as well as the factors set forth in § 3553(a), when imposing sentences. Id. at ___,

failure of the defendant to make a timely objection in the district court and inability to meet the third-prong of the plain error test. United States v. Rodriguez, 398 F.3d 1291 (11th Cir. 2005); see, e.g., United States v. Taylor, 417 F.3d 1176 (11th Cir. 2005); United States v. Cartwright, 413 F.3d 1295 (11th Cir. 2005); United States v. Camacho-Ibarquen, 410 F.3d 1307 (11th Cir. 2005); United States v. Fields, 408 F.3d 1356 (11th Cir. 2005); United States v. Burge, 407 F.3d 1183 (11th Cir. 2005); cf. United States v. Duncan, 400 F.3d 1297, 1306–08 (11th Cir. 2005) (retroactive application of the Booker remedial provisions does not deprive a defendant of due process).

4

125 S.Ct. at 765. Under § 3553(a), sentencing should take into account, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, protection of the public, the pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a).

In United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005), cert. denied 125 S.Ct. 2935 (2005), we held that under Booker, "the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." We have since held that there are two types of Booker errors: (1) constitutional error resulting from enhancements based on judicial fact-finding, and (2) statutory error resulting from mandatory application of the guidelines. See United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). Accordingly, error that is plain exists where a district court applies extra-verdict enhancements and imposes a sentence after treating the guidelines as mandatory. Id.

We further held in Rodriguez that, in order to establish the error affected his substantial rights, the third prong of plain error showing, a defendant must show "a reasonable probability of a different result if the guidelines had been applied in

5

an advisory instead of binding fashion by the sentencing judge in this case."

Rodriguez, 398 F.3d at 1301. Where "[t]he record provides no reason to believe any result is more likely than the other," a defendant cannot prevail under plain error review. Id. That is the situation in this case.

While the district court did grant a co-defendant a role reduction because she was a girlfriend of one of the ringleaders, the court was careful to distinguish that situation from Paez's, who was married to one of the male co-conspirators. While asking for a minor role reduction, counsel for Paez acknowledged that her "situation was a little different. She was married to Mr. Araujo, and because of that of course her knowledge of what was going on was considered to be more extensive, so she is—we're not objecting to the six-level increase for her understanding that this was coming from drugs." Counsel made it clear that his request for lenient treatment was based solely on the fact that Paez was a wife, and as such "she really was under a—more of an obligation to do what it was that she was told to do."

The district court's was far from sympathetic to that position. Responding to the idea that wives should be treated more leniently than their husbands, the court said:

> Why is that? The argument that I've heard in the other cases was that the person was the girlfriend, so to speak, and didn't have full knowledge of

all the details, didn't know about the involvement of drugs, et cetera.

In this case, you have agreed that she was in fact aware of the drug link and was more familiar with the day-to-day operation and had more knowledge of the criminal acts and therefore is subject to more of a sanction because of that overall knowledge.

The government bolstered the court's position by pointing out facts showing how involved Paez was in the drug trafficking and money laundering. Counsel for Paez told the court "we're not disputing those facts," but argued that "her position as the wife made her more susceptible to being told to do these things."

The district court never expressed any sympathy for the argument that wives who engage in drug trafficking and money laundering crimes should receive more lenient treatment on the theory that wives obey their husbands. There is nothing in the record to indicate that but for the guidelines being mandatory the court would have given Paez a lower sentence.

Nor is there anything in the record to indicate that but for the mandatory nature of the guidelines at the time the court would have given her a more lenient sentence because she recently had given birth. That fact was not mentioned in the sentence hearing or in the PSI. Paez has failed to carry her burden of showing plain error third-prong prejudice.

**AFFIRMED.**