[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 28, 2006
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-12975
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 04-01227-CV-T-26-EAJ

GARY WHITE, individually and as personal
representative of the estate of Miles White,
JAMIE WHITE,
CAMERON WHITE,
ADDISON WHITE,

Plaintiffs-Appellants,

versus

POLK COUNTY, a municipal corporation,
SCOTT LAWSON, in his individual capacity,
GARY HESTER, in his individual capacity,
SAMUEL TAYLOR, Major, in his individual capacity,
LAWRENCE CROW, Sheriff, in his individual capacity, et al.,

Defendants-Appellees.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

**(November 28, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Plaintiffs, who are family members of Miles White, deceased, appeal the district court's grant of summary judgment to Defendants -- Polk County, Florida and members of the Polk County Sheriff's Department including Officer Scott Lawson -- on their 42 U.S.C. § 1983 suit.[1]  No reversible error has been shown; we affirm.

This case is about an automobile accident that occurred in the early morning hours of 31 May 2002.  White, who was 16 years old, was a passenger in a car driven by 18-year-old Adam Jacoby.  During a patrol around 2:30 a.m., Officer Lawson, who was driving an unmarked patrol vehicle, began to follow Jacoby.[2]  Officer Lawson did not activate his car's siren or other emergency equipment as he followed Jacoby's car for over 15 miles.  During Officer Lawson's surveillance of Jacoby's car, both vehicles traveled at speeds exceeding 100 m.p.h. and disobeyed traffic laws.  At some point during this chase, Officer Lawson learned that Jacoby's car was not stolen.  While traveling over 100 m.p.h., Jacoby's car

---

[1]Before Defendants filed their motion for summary judgment in this case, Officer Lawson had filed pro se a motion for summary judgment, which the district court denied because the case was not yet ripe for disposition by summary judgment.  In its order granting summary judgment to Defendants, the district court acknowledged that it previously had denied Officer Lawson's summary judgment motion but explained that Officer Lawson "should obtain the benefits of this ruling" granting summary judgment to Defendants because no constitutional violation was committed.

[2]Officer Lawson later stated in an incident report that Jacoby had been speeding.

2

failed to navigate a curve in the road; and his vehicle crashed, killing White. After the crash, many persons complained to Polk County officials that Officer Lawson had performed unnecessary physical searches of them at the time of their arrest.[3]

On appeal Plaintiffs argue that Lawson's surveillance of Jacoby and White shocks the conscience and therefore violates the Fourteenth Amendment's guarantee of substantive due process. They contend that Officer Lawson intended to harm White based on the circumstances of the crash and Officer Lawson's refusal to answer questions after the crash about his intentions in chasing Jacoby's car.[4]

"We review a district court's grant of summary judgment de novo, viewing the facts -- as supported by the evidence in the record -- and reasonable inferences from those facts in the light most favorable to the nonmoving party." Young v. City of Palm Bay, 358 F.3d 859, 860 (11th Cir. 2004). Summary judgment is proper where no genuine issue of material fact exists. Id.

---

[3]The record contains evidence that Officer Lawson performed an unnecessary strip search of a fifteen-year-old male two weeks before the crash.

[4]We note that Plaintiffs do not challenge the district court's determination that pursuit of Jacoby's car did not result in an unlawful seizure under the Fourth Amendment; therefore, this claim is abandoned. See United States v. Ford, 270 F.3d 1346, 1347 (11th Cir. 2001) (explaining that a party abandons an issue when he fails to raise it in his initial brief on appeal). In addition, we acknowledge that the district court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims against Polk County; so Plaintiffs might pursue these claims in state court.

Title 42 U.S.C. § 1983 "provides a cause of action for constitutional violations committed under color of state law." Burton v. City of Belle Glade, 178 F.3d 1175, 1187-88 (11th Cir. 1999). To state a section 1983 claim, a plaintiff must demonstrate that the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 119 S.Ct. 977, 985 (1999). The first step in evaluating a section 1983 claim is to "identify the exact contours of the underlying right said to have been violated." County of Sacramento v. Lewis, 118 S.Ct. 1708, 1714 n.5 (1998).

The Supreme Court's decision in Lewis involved a high-speed police pursuit during which an officer chased a speeding motorcycle driver, resulting in the death of the motorcycle's passenger after the motorcycle tipped over and the officer struck the passenger. Id. at 1712. In that case, the Supreme Court explained that the critical factor in determining whether the officer violated the Fourteenth Amendment's guarantee of substantive due process was whether the officer's conduct shocked the conscience, which occurs when a plaintiff can show that the officer had "a purpose to cause harm unrelated to the legitimate object of arrest." See id. at 1711-12; see also id. at 1720 (explaining that "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do

4

not give rise to liability under the Fourteenth Amendment, redressible by an action under [section] 1983"). Therefore, "when unforeseen circumstances demand an officer's instant judgment" -- in situations such as a high-speed chase -- a showing that an officer's recklessness caused plaintiff's injury is insufficient to support a substantive due process claim.[5] See id. at 1720.

Here, Plaintiffs have not presented evidence that Officer Lawson's acts were motivated by an intent to harm White; and we conclude that Officer Lawson's conduct does not rise to a level that shocks the conscience.[6] See id. at 1721 (concluding that "[r]egardless whether [initiating a high-speed chase] offended the reasonableness held up by tort law or the balance struck in law enforcement's own codes of sound practice, it does not shock the conscience, and [defendants] are not

_____

[5]Plaintiffs argue that Officer Lawson did not engage in "split second decision making" that requires application of the shock-the-conscience standard; and they contend that we should consider Officer Lawson's conduct under a deliberate-indifference standard. But Plaintiffs have not directed us to evidence that Officer Lawson had sufficient time to deliberate on his conduct before undertaking pursuit of Jacoby's vehicle. Instead the evidence presented indicates that this case involved a high-speed chase governed by the shock-the-conscience standard.

[6]We are not persuaded -- in the absence of even a scintilla of other evidence that Officer Lawson intended to harm White -- by Plaintiffs' assertion that, because Officer Lawson invoked his Fifth Amendment privilege and did not answer a deposition question about whether he intended to harm White and Jacoby, we should infer that Officer Lawson did intend such harm. See Avirgan v. Hull, 932 F.2d 1572, 1580 (11th Cir. 1991) ("Invocation of the fifth amendment privilege did not give rise to any legally cognizable inferences sufficient to preclude entry of summary judgment. The negative inference, if any, to be drawn from the assertion of the fifth amendment [by the moving party] does not substitute for evidence needed to meet the [non-moving party's] burden of production."). And we note that, in his pro se motion for summary judgment, Officer Lawson stated that he did not intend to assault White and Jacoby or to worsen their legal plight.

called upon to answer for it under [section] 1983"); <u>Vaughn v. Cox</u>, 343 F.3d 1323, 1327, 1333 (11th Cir. 2003) (concluding that when a police officer fired shots towards a vehicle being pursued, resulting in a bullet hitting the spine of one of the vehicle's passengers and instantly paralyzing him below the chest, summary judgment to defendants was appropriate because plaintiff did not present evidence that the officer's acts were motivated by anything other than a desire to arrest the vehicle's occupants); <u>Fagan v. City of Vineland</u>, 22 F.3d 1296, 1299-1300, 1303, 1309 (3d Cir. 1994) (<u>en</u> <u>banc</u>) (concluding that a police pursuit -- during which a police officer pursued a vehicle by speeding through a residential neighborhood violating traffic laws, resulting in the death of some of the occupants of the pursued vehicle -- did not shock the conscience).

Because Officer Lawson's conduct did not shock the conscience, the district court's grant of summary judgment to Defendants was not erroneous.

**AFFIRMED.**