[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10446
Non-Argument Calendar

_____

D. C. Docket Nos.
03-08045-CV-2-CLS-TMP & 03-00040-CR-2-C

COLLINS IRIS GASTON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(November 20, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Collins Iris Gaston, a federal prisoner, appeals the district court's denial, on remand from this Court, of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. On appeal, Gaston contends that the district court failed to make any finding about whether his attorney, Tim Coyle, should have consulted with him about filing a direct appeal and only found that Gaston had not specifically instructed Coyle to file a direct appeal. Gaston asserts that the evidence demonstrates that Coyle had a duty to "reach out and consult" with Gaston about appealing.

In a § 2255 proceeding, we review a district court's legal conclusions de novo and its factual findings for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). Whether counsel is ineffective is a mixed question of law and fact that we review de novo. United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002). Issues and contentions not timely raised in briefs are deemed abandoned. United States v. Ford, 270 F.3d 1346, 1347 (11th Cir. 2001).

In Roe v. Flores-Ortega, 528 U.S. 470, 473-75, 120 S.Ct. 1029, 1033-34, 145 L.Ed.2d 985 (2000), the Supreme Court considered a case in which a state defendant pled guilty to murder, but did not waive his right to appeal nor consent to his attorney not filing a notice of appeal. The Supreme Court held that the test in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), applies to

determine whether counsel was ineffective for failing to file a notice of appeal. Flores-Ortega, 528 U.S. at 477, 120 S.Ct. at 1034. Under Strickland, a movant demonstrates ineffective assistance of counsel by showing: "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." Flores-Ortega, 528 U.S. at 476-77, 120 S.Ct. at 1034 (internal quotation marks and internal citations omitted).

With respect to the objective standard of reasonableness, the Supreme Court reaffirmed that an attorney who fails to file an appeal on behalf of a client who specifically requests one acts in a professionally unreasonable manner. Id. at 477, 120 S.Ct. at 1035. The Court further held that "counsel has a constitutionally . . . imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480, 120 S.Ct. at 1036. The Court elaborated:

> In making this determination, courts must take into account all the information counsel knew or should have known. . . . . Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial

3

proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

Id. (internal citation omitted).

In Devine v. United States, 520 F.3d 1286 (11th Cir. 2008), we addressed a factually similar situation. There, the defendant had talked to his attorney after sentencing and we assumed arguendo that counsel had not adequately consulted with the defendant about appealing. We held that because there was no non-frivolous ground for appeal – defendant had pled guilty, there was an appeal waiver, and defendant had received a sentence at the bottom of the guidelines – and because the district court had not erred when it made a factual finding that the defendant had not communicated his desire to appeal, the defendant had not shown ineffective assistance of counsel. 520 F.3d at 1288-89. There, the district court credited the counsel's testimony and discredited the defendant's. Id. at 1289. Counsel testified that he had told the defendant that an appeal would be futile and that the defendant understood that. Id. Therefore, we held, counsel had no duty to consult with his client about appealing. Id.

Here, the district court expressly credited the attorney's testimony that

4

Gaston did not instruct him to file an appeal and Gaston does not challenge that finding. Like the defendant in <u>Devine</u>, there were no nonfrivolous grounds for appeal because Gaston received a sentence at the low-end of the guidelines and had signed an appeal waiver. Because Gaston gave no indications that he wanted to appeal and no rational defendant would have filed an appeal, his counsel did not have a duty to consult with him about an appeal, and we affirm the district court's denial of Gaston's § 2255 motion.

**AFFIRMED.**