[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10786
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:10-cr-00259-MMH-TEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FIDEL SANTACRUZ-DE LA O,
a.k.a. Javier Olaguez,
a.k.a. Fidel Santa Cruz-Delao,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 22, 2011)

Before TJOFLAT, EDMONDSON and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Fidel Santacruz-De La O ("Santacruz") appeals his

36-month sentence for illegal reentry into the United States following a previous deportation, in violation of 8 U.S.C. § 1326. After review, we affirm.

On appeal, Santacruz argues that the district court violated his Sixth Amendment rights by enhancing his sentence based on his 1993 conviction for armed burglary of a dwelling. See 8 U.S.C. § 1326(b)(2) (providing for a twenty-year maximum imprisonment sentence if defendant's initial deportation was subsequent to an aggravated felony conviction); U.S.S.G. § 2L1.2(b)(1)(A) (providing for a 16-level increase in the offense level if defendant was deported after a felony conviction for a crime of violence). Santacruz contends the district court could not rely on this prior conviction because it was not charged in his indictment.[1]

Santacruz's argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998). We repeatedly have explained that, even after Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and its progeny Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), we are bound by Almendarez-Torres until it is explicitly overruled by the Supreme Court. See, e.g.,

---

[1]We review de novo a defendant's preserved Sixth Amendment claim. See United States v. Candelario, 240 F.3d 1300, 1304-06 (11th Cir. 2001).

2

United States v. Greer, 440 F.3d 1267, 1273-74 (11th Cir. 2006); United States v. Gibson, 434 F.3d 1234, 1246-47 (11th Cir. 2006).

In any event, at sentencing, the district court did not resolve any factual dispute as to the existence or nature of this prior conviction. Santacruz did not object to the factual statement in his Presentence Investigation Report ("PSI") that he had a 1993 Florida conviction for armed burglary of a dwelling. Nor did he argue that his armed burglary of a dwelling conviction was not an aggravated felony or a crime of violence. Thus, Santacruz admitted the existence and nature of his prior conviction for sentencing purposes. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (stating that there is no statutory Booker error if the defendant's sentence is enhanced based on facts in the PSI to which the defendant did not object at sentencing).[2]

For these reasons, the district court did not err in using Santacruz's prior armed burglary of a dwelling to determine Santacruz's statutory maximum sentence and advisory guidelines range.

---

[2]At sentencing Santacruz, citing Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005), objected to the PSI's use of a booking sheet to describe the underlying circumstances of his prior armed burglary conviction and asked that this portion of the PSI be removed. The district court responded, inter alia, that it was relying primarily on the judgment of conviction and not the additional information in the PSI. On appeal, Santacruz does not raise his Shepard argument, and thus abandons it. See United States v. Ford, 270 F.3d 1346, 1347 (11th Cir. 2001).

**AFFIRMED.**