[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-13040
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-00413-AT-JKL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS VALENTI-PALMA,
a.k.a. Leonel,
a.k.a. Jesus Palma-Valente,
a.k.a. Jesus Palma-Valenti,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 6, 2017)

Before JORDAN, ROSENBAUM, and EDMONDSON, Circuit Judges.


PER CURIAM:


Jesus Valenti-Palma, a federal prisoner proceeding with the assistance of counsel, appeals his sentences for identification document fraud, Social Security fraud, and reentering the United States without permission after deportation. Valenti-Palma argues that the district court erred in determining that his prior conviction for Georgia aggravated assault qualified as a "crime of violence" under section 2L1.2(b)(1)(A)(ii) of the 2015 Sentencing Guidelines, resulting in an incorrect guideline calculation. [*]

"We review *de novo* whether a defendant's prior conviction qualifies as a 'crime of violence' under the Sentencing Guidelines." *United States v. Palomino Garcia*, 606 F.3d 1317, 1326 (11th Cir. 2010). "An error in the district court's calculation of the Sentencing Guidelines range warrants vacating the sentence, unless the error is harmless." *United States v. Barner*, 572 F.3d 1239, 1247 (11th Cir. 2009). A guideline "miscalculation is harmless if the district court would have imposed the same sentence without the error." *Id*. at 1248. Furthermore, if a district court, faced with disputed guideline issues, states that the guideline that

---

[*] Appellee's motion for summary affirmance is denied as is the motion to stay briefing. We have treated the case as fully briefed as the parties have requested.

results from resolution of those issues does not matter to the sentence imposed after consideration of the 18 U.S.C. § 3553(a) factors, then any error is harmless. *United States v. Lozano*, 490 F.3d 1317, 1324 (11th Cir. 2007).  Issues not timely raised in the initial briefs are deemed abandoned.  *United States v. Ford*, 270 F.3d 1346, 1347 (11th Cir. 2001).

Any error that might have resulted from the district court's conclusion that Valenti-Palma's prior Georgia conviction for aggravated assault qualified as a crime of violence under the 2015 Sentencing Guidelines was harmless, because the district court stated that the resolution of the issue of whether Georgia aggravated assault qualified as a crime of violence did not matter to -- did not "ultimately control" -- the sentence imposed after consideration of the 18 U.S.C. § 3553(a) factors.  *See Lozano*, 490 F.3d at 1324.  Because the district court disagreed with the categorical approach used in the 2015 Sentencing Guidelines -- as being "overly complex and resource-intensive," unhelpful in determining an appropriate and reasonable sentence pursuant to § 3553(a), and as resulting in a "disproportionately heavy sentence" -- the district court sentenced Valenti-Palma, instead, in line with the 2016 Sentencing Guidelines which the district court saw as fairer.  Therefore, what was or was not a crime of violence under the 2015 Guidelines became of no consequence.

3

In his initial brief, Valenti-Palma does not challenge the district court's decision to look to the 2016 Sentencing Guidelines, rather than the 2015 Guidelines in effect at the time of his sentencing; he, consequently, has abandoned such a challenge.  *See Ford*, 270 F.3d at 1347.  Notwithstanding Valenti-Palma's failure to raise timely this issue, the district court committed no error in refusing -- as a matter of policy -- to apply the 2015 Sentencing Guidelines.  *See, e.g. Spears v. United States*, 555 U.S. 261, 264 (2009) (a district court has the authority to vary from the advisory guidelines range based on the district court's "disagreement with the guidelines -- its policy view that the [applicable guideline] creates an unwarranted disparity.").

Because any error in interpreting the 2015 Sentencing Guidelines was harmless in this case, we do not take on whether Georgia aggravated assault qualifies as a crime of violence.

**AFFIRMED.**