[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17617
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20796-DLG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTON LEMAR DAMES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 7, 2017)


Before JULIE CARNES, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Anton Dames appeals the district court's denial of his motion for the release of grand jury transcripts.[1]  After review,[2] we affirm the district court.

Federal Rule of Criminal Procedure 6(e) provides for limited disclosure of grand jury proceedings.  We have held that, to obtain disclosure of protected grand jury materials, a person must show a compelling and "particularized need" for the documents.  *United States v. Aisenberg*, 358 F.3d 1327, 1348 (11th Cir. 2004).  Parties seeking grand jury materials must show that: (1) "the material they seek is needed to avoid a possible injustice in another judicial proceeding"; (2) "the need for disclosure is greater than the need for continued secrecy"; and (3) "their request is structured to cover only material so needed."  *Id.*

The district court did not abuse its discretion in refusing to disclose the transcripts.  Dames did not demonstrate that he met any of the three factors the court must consider in evaluating whether to disclose grand jury materials.  *See id.*  His only argument is that his trial attorneys conspired against him in order to secure his convictions and cover up the misdeeds of his first trial attorney, and, in

---

[1]  Even liberally construing Dames' brief on appeal, he does not raise any argument as to the issues he raised in his motion to correct or amend, which the district court treated as a motion for reconsideration, and, consequently, he has abandoned any such arguments.  *See United States v. Ford*, 270 F.3d 1346, 1347 (11th Cir. 2001) (stating issues not timely raised in the initial briefs are deemed abandoned); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

[2]  A district court's ruling on whether to provide access to sealed documents is reviewed for abuse of discretion.  *United States v. Ignasiak*, 667 F.3d 1217, 1238 n.25 (11th Cir. 2012).

the process, violated *Brady v. Maryland*, 373 U.S. 83 (1963) and refused to provide him with necessary discovery.  This claim does not demonstrate a particularized need for the documents.  Dames makes no attempt to structure his request to cover only the material needed.  *See Aisenberg*, 358 F.3d at 1348.  Nor does he show the material is needed to avoid possible injustice in another judicial proceeding.  *See id.*  Indeed, since Dames has already exhausted his appeals and filed a § 2255 motion to vacate, it is not clear what additional judicial proceeding Dames could initiate.  As such, the district court did not abuse its discretion in denying Dames' request for grand jury transcripts.

     **AFFIRMED.**