[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10276
Non-Argument Calendar
_____

D.C.  Docket No. 2:17-cr-00535-LSC-JHE-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,


versus


GEORGE FREDRICK RASH,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 8, 2019)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

George Rash appeals his conviction for possessing a firearm after a felony conviction, pursuant to 18 U.S.C. § 922(g)(1), arguing that the district court erred in denying his motion to suppress. Rash contends that the district court committed clear error in crediting the testimony of police officers who stated that they saw a gun in his car, giving them the probable cause required to conduct a search under the Fourth Amendment's automobile exception. For the reasons stated below, we affirm.

I.

Construing the evidence in the light most favorable to the party prevailing below, Detective Trent Michael Ricketts and Officer Matthew Green of the Homewood, Alabama, Police Department ("HPD") were parked in a hotel parking lot in a high-crime area in the early morning of April 26, 2017. During that time, they observed a white Chevrolet Monte Carlo, occupied by only the driver, park at the hotel. After the driver entered the hotel, the officers ran the car's license plate to check for expiration and discovered that the driver—whom they were able to identify as George Rash—had an outstanding probation violation warrant from Jefferson County, Alabama, and was a convicted felon. After looking into the car's interior with flashlights, both officers were able to observe a black gun on the driver's side floorboard. Officer Green then called Officer John Kidd and radioed

2

in the felony warrant to the HPD dispatch, which sent Corporal John Mangels to the scene.  Kidd and Mangels arrived shortly thereafter.

Several of the officers—accounts differ as to whether it was all of them or just three—went to Rash's room at the hotel.  They detained him and discovered that Rash's ex-girlfriend, Sade Coppins, was also in the room.  The officers brought both Rash and Coppins down to the parking lot.  At that point, they confirmed Rash's outstanding warrant with Jefferson County.  They placed him under arrest and impounded his car, conducting an inventory search in the process, which confirmed the existence of the gun.

## II.

"Review of a district court's denial of a motion to suppress is a mixed question of law and fact." United States v. Delancy, 502 F.3d 1297, 1304 (11th Cir. 2007).  We "review the district court's interpretation and application of the law *de novo*" and its "findings of fact for clear error." Id.  Accordingly, we "construe the evidence in the light most favorable to the party prevailing below." Id.  Review for clear error is deferential, and we "will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed." United States v. Sosa, 777 F.3d 1279, 1300 (11th Cir. 2015) (quotation omitted).  A district court's choice between multiple permissible views

of the evidence is not clear error.  United States v. Ndiaye, 434 F.3d 1270, 1305 (11th Cir. 2006).

"Credibility determinations are typically the province of the fact finder," and we defer to the fact finder's determinations "unless his understanding of the facts appears to be unbelievable." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002).  Generally, absent clear error or the trial judge crediting "*exceedingly* improbable testimony," id. at 749 (emphasis in original), "the district court's credibility choices at suppression hearings are binding on [us]." United States v. Aldridge, 719 F.2d 368, 373 (11th Cir. 1983).  "In other words, [w]e must accept the evidence unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." Ramirez-Chilel, 289 F.3d at 749 (alteration in original) (quotation omitted).

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause." U.S. Const. amend. IV.  Thus, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967) (footnotes omitted).  Evidence seized during or as a direct result of an unlawful

4

search is generally barred from use at trial.  Wong Sun v. United States, 371 U.S. 471, 485 (1963).

The "automobile exception" to the warrant requirement "allows the police to conduct a search of a vehicle if (1) the vehicle is readily mobile; and (2) the police have probable cause for the search." United States v. Lindsey, 482 F.3d 1285, 1293 (11th Cir. 2007).  A vehicle is readily mobile if it is "operational," and probable cause "exists when under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle." Id. (quotation marks omitted).

### III.

The sole issue before us is whether the district court committed clear error in crediting the officers' testimony in determining that the automobile exception applied in this case.[1]  To that end, Rash essentially argues in favor of another set of inferences from the facts.  He surmises that the officers only discovered the gun during an illegal inventory search and accordingly altered their recollections about what they observed in the parking lot.  He supports this conclusion by identifying: (1) inconsistencies in the officers' testimonies about which of them saw the gun in the car, and the order in which they arrived; (2) testimony from his private

---

[1] Rush concedes that his car was readily mobile and solely contests the district court's crediting of the officers' testimony.

5

investigator that allegedly demonstrates that the officers could not have seen the gun; and (3) that harmonizing the officers' and Coppins' testimony creates an implausible timeline.

Up against double-barreled deference—in which we review the district court's findings of fact for clear error and generally defer to its credibility determinations—this argument fails. Though the evidence presented theoretically lends itself to a different interpretation, the district court's decision to credit the officers' testimony was not clearly erroneous. Rash presents an alternative explanation that is merely *a* possible inference from the facts, not the *only* possible inference. We cannot entertain all potential inferences drawn from a given set of facts; instead, we must "give due weight to inferences drawn from those facts by resident judges." United States v. Bradley, 644 F.3d 1213, 1263 (11th Cir. 2011). Minor contradictions notwithstanding, the officers' testimony was not so "inconsistent or improbable on its face that no reasonable factfinder could accept it." See Ramirez-Chilel, 289 F.3d at 749 (alteration in original) (quotation omitted). After all, no witnesses directly contradicted the officers' statements that they saw a gun in Rash's car. This includes Rash's expert, who merely testified that the officers' observation would have been difficult—not contrary to the laws of nature or otherwise impossible. In any event, the district court was entitled to credit a witness's testimony in whole or in part, see United States v. Brown, 53

F.3d 312, 316 (11th Cir. 1995), so the officers' inconsistent testimony regarding later events did not prevent the district court from crediting their earlier testimony.

For the reasons stated above, we conclude that the district court did not commit clear error in crediting the officers' testimony.[2]  Accordingly, we affirm.

**AFFIRMED.**

---

[2] Rash's challenge is only to the district court's credibility determination—not its finding that, given its credibility, the officers' testimony demonstrated that they had probable cause to conduct a warrantless search of Rash's car under the automobile exception. To the extent that he now argues otherwise, we note that issues not raised on appeal are considered abandoned. United States v. Ford, 270 F.3d 1346, 1347 (11th Cir. 2001).