[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13100
Non-Argument Calendar

_____

D.C. Docket Nos. 3:97-cr-00314-HES-JRK-2,
3:19-cv-00033-HES-JRK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK RAYMOND FORD,
a.k.a. Dred,
a.k.a. Benjamin Lee Green,
a.k.a. Donald Wray,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 6, 2021)

Before JILL PRYOR, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Mark Ford, a federal prisoner with a lawyer, appeals the district court's denial of his motion for a sentence reduction under section 404 of the First Step Act of 2018.[1]  No reversible error has been shown; we affirm.

In 1999, a jury found Ford guilty of (1) conspiracy to possess with intent to distribute crack cocaine,[2] in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count 1); (2) possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 6); (3) possession of powder cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 7); and (4) possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(a)(2) (Count 8).

The Presentence Investigation Report ("PSI") calculated Ford's base offense level as 32, based on the quantity of drugs involved in Ford's offenses.  The PSI then applied guideline enhancements for possessing a dangerous weapon and for acting in a leadership role; these enhancements resulted in a total offense level of

---

[1] First Step Act of 2018, Pub. L. 115-391, § 404(b), 132 Stat. 5194, 5222.

[2] Although Ford was charged in Count 1 with a multi-drug conspiracy offense, the record shows Ford was convicted and sentenced only for a conspiracy offense involving crack cocaine.

2

36.  Based on this total offense level and a criminal history category of VI, Ford's advisory guidelines range was 324 to 405 months' imprisonment.

According to the PSI, however, Ford qualified for an enhanced statutory penalty under 21 U.S.C. §§ 841(a)(1) and 851.  Because Ford had at least two prior felony drug convictions, Ford was subject to a statutory mandatory sentence of life imprisonment.  Ford's guidelines range also became life imprisonment under U.S.S.G. § 5G1.1(c)(2).

At the sentencing hearing, the sentencing court sustained the government's objection to the drug quantity reflected in the PSI.  The sentencing court found that Ford was responsible for 5.5 kilograms of crack cocaine and, thus, recalculated his base offense level as 38.  The sentencing court then determined that Ford had four prior felony drug convictions and, thus, qualified for a statutory mandatory minimum sentence of life imprisonment.  Accordingly, the sentencing court imposed a sentence of life imprisonment.

We affirmed Ford's convictions and sentence on direct appeal.  See United States v. Ford, 270 F.3d 1346, 1346-47 (11th Cir. 2001).

Ford, with counsel, later filed a motion to reduce Ford's sentence pursuant to Section 404 of the First Step Act.

In July 2019, the district court denied Ford's motion. The district court first determined that Ford was ineligible for relief because his violations of section 841(a) were no "covered offenses" under the First Step Act. In the alternative -- even if Ford were eligible for relief under the First Step Act -- the district court said it would deny a sentence reduction in the light of Ford's post-sentencing disciplinary conduct.

After the district court denied Ford a reduced sentence -- and while Ford's appeal from the denial was pending -- we issued our decision in United States v. Jones, 962 F.3d 1290 (11th Cir. 2020), in which we addressed the meaning and proper application of section 404 of the First Step Act. Our decision in Jones controls this appeal.

We review de novo whether a district court had the authority to modify a term of imprisonment under the First Step Act. Jones, 962 F.3d at 1296. "We review for abuse of discretion the denial of an eligible movant's request for a reduced sentence under the First Step Act." Id.

The First Step Act "permits district courts to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective." Id. at 1293. Under section 404(b) of the First Step Act, " a district court that imposed a sentence for a

4

covered offense [may] impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed." Id. at 1297 (quotations and alterations omitted).

To be eligible for a reduction under section 404(b), a movant must have been sentenced for a "covered offense" as defined in section 404(a). Id. at 1298. We have said that a movant has committed a "covered offense" if the movant's offense triggered the higher statutory penalties for crack-cocaine offenses in 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii): penalties that were later modified by the Fair Sentencing Act. See id.

In determining whether a movant has a "covered offense" under the First Step Act, the district court "must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment." Id. at 1300-01. The pertinent question is whether the movant's conduct satisfied the drug-quantity element in sections 841(b)(1)(A)(iii) (50 grams or more of crack cocaine) or 841(b)(1)(B)(iii) (5 grams or more of crack cocaine) and subjected the movant to the statutory penalties in those subsections. Id. at 1301-02. If so -- and if the offense was committed before 3 August 2010 (the effective date of the Fair Sentencing Act) -- then the movant's offense is a "covered offense," and the district court may reduce the movant's sentence "as if"

the applicable provisions of the Fair Sentencing Act "were in effect at the time the covered offense was committed." See First Step Act § 404(b); Jones, 962 F.3d at 1301, 1303. The actual quantity of crack cocaine involved in a movant's offense beyond the amount triggering the statutory penalty is not pertinent to determining whether a movant has a "covered offense." Jones, 962 F.3d at 1301-02.

Here, Ford's crack-cocaine convictions (which the sentencing court found involved 5.5 kilograms) triggered the enhanced penalties in section 841(b)(1)(A)(iii). Because Ford's crack-cocaine offenses were committed before 3 August 2010, Ford's offenses qualify as "covered offenses" under the First Step Act.

That Ford satisfied the "covered offense" requirement, however, is not the end of our inquiry. We have said that the "as if" qualifier in section 404(b) of the First Step Act imposes two limitations on the district court's authority to reduce a sentence under the First Step Act. See Jones, 962 F.3d at 1303. First, the district court cannot reduce a sentence where the movant "received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act." Id. "Second, in determining what a movant's statutory penalty would be under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time

6

of sentencing." Id. In other words, a district court lacks the authority to reduce a movant's sentence when the sentence would necessarily remain the same under the Fair Sentencing Act. See id.

Applying these limitations, the district court had no authority under the First Step Act to reduce Ford's life sentence. Based on Ford's prior felony drug convictions and the sentencing court's finding that Ford was responsible for 5.5 kilograms of crack cocaine, Ford's sentence of life imprisonment is still the lowest possible penalty that would be available to him under the Fair Sentencing Act. See 21 U.S.C. § 841(b)(1)(A)(iii) (2010) (providing a mandatory life sentence for offenses involving 280 grams or more of crack cocaine when a defendant has two prior felony drug convictions); Jones, 962 F.3d at 1304 (affirming the denial of a First Step Act motion filed by Jackson [one of the four appellants in Jones] because -- based on the sentencing court's drug-quantity finding of 287 grams of crack cocaine and Jackson's prior felony drug convictions -- Jackson was still subject to a life sentence). The district court was bound by its earlier drug-quantity finding and was entitled to rely on those judge-found factual findings -- made pre-Apprendi[3] -- that triggered increased statutory penalties. See Jones, 962 F.3d at

---

[3] Apprendi v. New Jersey, 530 U.S. 466 (2000).

1302, 1303-04.  Accordingly, we affirm the district court's determination that Ford was ineligible for a reduced sentence under the First Step Act.

Because we conclude that the district court lacked authority to reduce Ford's sentence under the First Step Act, we do not address the district court's alternative ruling denying relief based on Ford's post-sentencing conduct.  In any event, Ford's argument -- that the district court deprived him of due process by ruling on his First Step Act motion without an evidentiary hearing -- is now foreclosed by our decision in United States v. Denson, 963 F.3d 1080, 1082, 1089 (11th Cir. 2020) ("[T]he First Step Act does not require district courts to hold a hearing with the defendant present before ruling on a defendant's motion for a reduced sentence under the Act.").

AFFIRMED.[4]

---

[4] Ford's initial appellate brief was filed before we issued our decisions in Jones and in Denson. In his reply brief, Ford concedes that the arguments presented in his initial brief are contrary to Jones and Denson and, instead, urges us to reconsider those decisions.  We must decline this request.  For background, see United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) (under this Court's prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc.").