[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 14, 2006
THOMAS K. KAHN
CLERK

----------------------------------------
No. 05-16949
Non-Argument Calendar
----------------------------------------

D.C. Docket No. 91-00208-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS GUILLERMO RESTREPO,

Defendant-Appellant.

----------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------

**(December 14, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Luis Guillermo Restrepo, a federal prisoner appearing pro se, appeals the district court's denial of his second motion to modify the term of his imprisonment under 18 U.S.C. § 3582(c)(2). No reversible error has been shown; we affirm.

Restrepo was convicted of various narcotics offenses. He was assigned an offense level of 42 and was sentenced to 360 months' imprisonment. In 1998, Restrepo filed his first section 3582(c)(2) motion (the "first motion"), arguing that his offense level should be reduced from 42 to 38 and his sentence modified based on Amendment 505 to the Sentencing Guidelines, which reduced the upper limits of the U.S.S.G. § 2D1.1 drug quantity table. The United States District Court for the Southern District of Florida denied this motion, noting that the amount of cocaine base attributed to Restrepo significantly exceeded the minimum necessary for an offense level of 38 and therefore supported an upward departure. Restrepo did not appeal.

In 2004, Restrepo filed a second section 3582(c)(2) motion for a reduction in sentence (the "second motion"). In this motion, he repeated arguments about reducing the maximum offense level attributable to him.[1]

The district court denied Restrepo's second motion, concluding, among other things, that Congress did not intend for prisoners to file successive motions to reduce a sentence based on retroactive application of the same Guideline

---

[1] In addition, Restrepo argued that the district court should consider the "underlying foundations" of the Supreme Court's decision in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), in considering his motion. He also sought relief under the writ of audita querela and the writ of error coram nobis. But Restrepo does not renew these arguments on appeal; they are abandoned. See United States v. Ford, 270 F.3d 1346, 1347 (11th Cir. 2001) (explaining that a party abandons an issue when he fails to raise it in his initial brief on appeal).

amendment. The district court also explained that, under the law-of-the-case doctrine, the court should not consider the merits of Restrepo's renewed argument about application of Amendment 505. In addition, the district court concluded that Restrepo did not comply with Southern District of Florida Local Rule 7.1(F), which requires that, when a party makes a motion to one judge and the motion is denied, if the party later requests the same relief from a different judge, the party is required to attach to the new motion an affidavit setting forth the circumstances of the original motion, the nature of the ruling on the original motion, and new facts or circumstances that did not exist or were not shown with the original motion.[2]

On appeal, Restrepo argues that 18 U.S.C. § 3582(c)(2) does not restrict the number of motions for a reduction in sentence that he can file. He also asserts that the law-of-the-case doctrine does not limit our review of his second motion because he did not appeal the denial of his first motion. Restrepo does not address the district court's conclusion that his second motion did not comply with Local Rule 7.1(F).

We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. United States v. Vautier, 144

---

[2]The district court noted that the district court judge who reviewed Restrepo's first motion had died.

3

F.3d 756, 759 n.3 (11th Cir. 1998). "The application of an abuse-of-discretion review recognizes the range of possible conclusions the trial judge may reach." United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004). Therefore,

> By definition under the abuse of discretion standard of review there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call. That is how an abuse of discretion standard differs from a de novo standard of review. As we have stated previously, the abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.

Id. (internal quotation and alteration omitted).

"Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case." United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997). Pursuant to one arm of this doctrine, lower court rulings that have not been challenged on a first appeal will not be disturbed in a subsequent appeal. See id. (explaining that "a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time"); United States v. Fiallo-Jacome, 874 F.2d 1479, 1481-83 (11th Cir. 1989) (deciding that a defendant waives his right to raise in second appeal issues not raised in first appeal). But a court is not bound by a prior ruling if (1) new

4

evidence that is substantially different is presented; (2) controlling authority has made a contrary decision of the law applicable to such issues; or (3) the decision was clearly erroneous and would work a manifest injustice. Escobar-Urrego, 110 F.3d at 1561.

Here, the district court previously rejected Restrepo's first motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 505. Restrepo failed to appeal that decision when the opportunity existed. He has not identified new evidence or intervening law, nor has he alleged that the district court committed clear error in its original decision. And Restrepo does not challenge the district court's determination that he failed to comply with Local Rule 7.1(F) in filing his second motion. In the light of all of these circumstances, the district court did not abuse its discretion in denying Restrepo's second section 3582(c)(2) motion.

AFFIRMED.