[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 22, 2007
THOMAS K. KAHN
CLERK

-----------------------------------------

No. 06-13329
Non-Argument Calendar

-----------------------------------------

D.C. Docket No. 92-00023-CR-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER JACKSON,

Defendant-Appellant.

------------------------------------
Appeal from the United States District Court
for the Middle District of Georgia
------------------------------------

**(March 22, 2007)**

Before EDMONDSON, Chief Judge, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Defendant-Appellant Christopher Jackson appeals his 60-month sentence imposed after the district court revoked his supervised release.[1]  No reversible error has been shown; we affirm.

Jackson argues that his 60-month sentence, which exceeded his advisory sentencing range of three to nine months' imprisonment, was unreasonable because the district court failed to consider sufficiently the factors set out at 18 U.S.C. § 3553(a).  Jackson also asserts that the district court should have considered that, although Jackson did violate the terms of his supervised release, he did not commit new substantive offenses.  In addition, Jackson notes that his underlying violation for possession with intent to distribute cocaine base was his first offense; and he argues that alternative sanctions could have provided adequate punishment in this case.

---

[1]In July 2003, Jackson's probation officer alleged that Jackson violated the terms of his supervised release by (1) failing to report to the probation office as directed, (2) failing to submit a monthly report, (3) failing to follow the probation officer's instructions, including reporting to the Georgia Department of Labor and making job contacts, (4) failing to work regularly at a lawful occupation, (5) failing to notify the probation officer of a change in residence, (6) using a controlled substance because Jackson's urine specimen tested positive for marijuana use, and (7) failing to participate in an approved substance abuse treatment program.  At a September 2003 revocation hearing, where Jackson admitted to violating the terms of his supervised release, the district court continued Jackson's case for six months and explained to Jackson that he had to participate in drug testing and follow the instructions of his probation officer.  In March 2004, Jackson's probation officer alleged that Jackson continued failing to (1) report to the probation office, (2) submit a monthly report, (3) follow the probation officer's instructions, including providing the probation office with weekly job contact sheets, and (4) work regularly at a lawful occupation.  At his second revocation hearing, Jackson admitted to violating his supervised release conditions as alleged by the probation officer; and the district court sentenced Jackson to 60 months' imprisonment.

2

Jackson was sentenced for violating the terms of his supervised release after the Supreme Court issued its decision in United States v. Booker, 125 S.Ct. 738 (2005); so we review his sentence for reasonableness in the light of the factors set out in 18 U.S.C. § 3553(a).[2] United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

We conclude that Jackson's sentence was reasonable. His sentence was not above the statutory maximum of 60 months' imprisonment. See 18 U.S.C. §

---

[2]The parties do not dispute that the statutory maximum sentence in this case was 60 months' imprisonment, see 18 U.S.C. § 3583(e)(3), or that the advisory sentencing range -- provided by the policy statements from Chapter 7 of the Sentencing Guidelines -- was three to nine months' imprisonment. See U.S.S.G. § 7B1.4(a) (providing this sentencing range for Grade C supervised release violations and a criminal history category of I). Therefore, Jackson's 60-month sentence was above the Chapter 7 Guidelines range but did not exceed the statutory maximum. Although Jackson objected to the district court sentencing him outside of the Guidelines range, Jackson does not argue on appeal that the district court abused its discretion in sentencing him above the Chapter 7 Guidelines range; therefore, this argument is abandoned. See United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006) (explaining that we review the district court's decision to exceed the advisory Chapter 7 Guidelines range for abuse of discretion); United States v. Ford, 270 F.3d 1346, 1347 (11th Cir. 2001) (noting the "well established rule . . . that issues and contentions not timely raised in the briefs are deemed abandoned"). We consider only Jackson's challenge to the reasonableness of his sentence.

3583(e)(3). Although Jackson's sentence exceeded significantly the advisory sentencing range set out in the Chapter 7 policy statements, see U.S.S.G. § 7B1.4(a), the district court was not required to sentence Jackson within that range. See United States v. Brown, 224 F.3d 1237, 1242 (11th Cir. 2000) (explaining that a district court must consider, but is not bound by, the policy statements of Chapter 7 of the Sentencing Guidelines in imposing sentence upon revocation of supervised release). Even before the Supreme Court's decision in Booker, when application of the sentencing ranges provided by the Guidelines was considered to be mandatory, the Chapter 7 policy statements on revocation of supervised release were non-binding recommendations. See United States v. Hofierka, 83 F.3d 357, 361 (11th Cir. 1996) ("[T]he Chapter 7 sentencing range is a mere policy statement and not a guideline (in the sense of binding courts) . . . ."). Sentencing courts were -- and are -- required to consider these policy statements; but they are not bound to follow them. See id.

In addition, after Jackson admitted in 2003 to violating the terms of his supervised release -- including by testing positive for marijuana use and failing to follow his probation officer's instructions -- the district court gave Jackson another opportunity to comply with the terms of his supervised release, which Jackson failed to do. During Jackson's revocation hearings, the district court

4

heard Jackson's arguments about his educational background and work history. In sentencing Jackson, the district court explained that it considered the Chapter 7 policy statements and determined that Jackson's advisory Guidelines range was inadequate. The district court also noted Jackson's ongoing substance abuse. The district court was not required to state on the record that it explicitly considered each of the section 3553(a) factors. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (explaining that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors"). Nothing in the record convinces us the sentence was unreasonable.[3]

AFFIRMED.

---

[3]To the extent that Jackson argues that his sentence is unreasonable because the government's agreement with his 60-month sentence conflicts with the government's earlier decision -- as part of Jackson's sentencing for his underlying offense -- to file a motion for downward departure based on Jackson's substantial assistance, we reject this claim as without merit.