[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13384
Non-Argument Calendar

_____

D. C. Docket No. 06-60010-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN ROBINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 5, 2007)**

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

John Basil Robinson appeals his conviction and sentence for conspiracy to possess counterfeit securities, in violation of 18 U.S.C. §§ 371 and 513(a). Robinson argues that the district court, at the hearing on his counsel's motion to withdraw, violated his Sixth Amendment right to counsel of his choosing by denying his counsel's motion to withdraw and his motion for a continuance of the impending sentencing to seek substitute counsel. Second, he argues that the district court at sentencing abused its discretion by denying his motion for a continuance to develop additional character evidence. Third, the district court erred by relying on the pre-sentence investigation report's ("PSI") criminal history calculation, where the report did not describe the underlying circumstances of the prior convictions. Fourth, his sentence was unreasonable because the district court failed to consider the 18 U.S.C. § 3553(a) sentencing factors. Finally, he argues that his counsel was ineffective. For the reasons set forth more fully below, we affirm.

After Robinson pled guilty to the conspiracy charge, but before sentencing, his counsel moved to withdraw from representation, citing in essence communication and trust problems. The court denied the motion at a hearing that took place one week before sentencing, telling Robinson that he could hire any attorney he wanted, but that current counsel would not be released until new

2

counsel was obtained. Robinson then orally moved for a continuance after telling the court he was in the process of retaining a new attorney. The court, noting that Robinson's counsel's motion to withdraw had been pending for three weeks and he could have found a new attorney during that time, denied the motion for a continuance as well.

At the sentencing hearing, Robinson's counsel moved for a 60-day continuance, explaining only that his client wanted time to prepare character witnesses and because a potential mental health issue existed. The court summarily denied the oral motion. Thereafter, the court sentenced Robinson at the bottom of the guideline range to 51 months' imprisonment, 3 years' supervised release, a fine of $10,000, and $342,165 in restitution.

## I.

We review for abuse of discretion the district court's decision denying counsel's motion to withdraw. See United States v. Dinitz, 538 F.2d 1214, 1219 n.7 (5th Cir. 1976). Similarly, we review a motion to continue sentencing for abuse of discretion. United States v. Edouard, 485 F.3d 1324, 1350 (11th Cir. 2007).

"The Sixth Amendment provides that [i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his

[defense]. [The Supreme Court has] previously held that an element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him." United States v. Gonzalez-Lopez, 548 U.S. ___, 126 S.Ct. 2557, 2561, 165 L.Ed.2d 409 (2006) (quotation marks omitted). That said, "the right to counsel of choice is not as absolute as the right to the assistance of counsel." United States v. Baker, 432 F.3d 1189, 1248 (11th Cir. 2005), cert. denied, 547 U.S. 1085 (2006); see also United States v. Campbell, No. 006-13548, slip op. at 2833 (11th Cir. July 13, 2007) (same). "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." Ungar v. Sarafite, 376 U.S. 575, 589-90, 84 S.Ct. 841, 850, 11 L.Ed.2d 921 (1964).

Notably, we have held that:

> When deciding whether a denial of a continuance impinged on the defendant's fair and reasonable opportunity to choose counsel, reviewing courts should consider a number of factors, including: (1) the length of the delay; (2) whether the counsel who becomes unavailable for trial has associates prepared to try the case; (3) whether other continuances have been requested and granted; (4) the inconvenience to all involved in the trial; (5) whether the requested continuance is for a legitimate reason; and (6) any unique factors.

Baker, 432 F.3d at 1248.

4

As an initial matter, unlike in the cases Robinson cites on appeal, there was no independent violation of his right to choose counsel here. Rather, the court properly informed Robinson that he could retain any new attorney that he wanted. While Robinson argues that he was bound by local rule to wait for the court's leave to acquire new counsel, that rule only requires leave of court to <u>withdraw</u>. S.D.Fla.Local R. 11.1.D.3. The rule did not prevent Robinson from <u>finding and retaining</u> new counsel – something he never did.

As to whether the district court violated Robinson's right to choose counsel by denying the written motion to withdraw and his first oral motion to continue, weighing in Robinson's favor is the fact that: (1) the length of the delay he was seeking was not obviously unreasonable; (2) he had not requested any continuances previously; and (3) his counsel appeared to believe they were having problems communicating. <u>Baker</u>, 432 F.3d at 1248.

On the other hand, in the motion to withdraw, counsel did not allege that he was not being paid, that an actual conflict had arisen, or that he had been fired. Rather, he only represented that there were communication and trust problems, and told the court that he wanted to avoid going through litigation on collateral review. He also stated that he was prepared for sentencing.

Thus, neither Robinson nor his attorney presented a compelling explanation

5

for the withdrawal. This is especially relevant, given that Robinson had not arranged for a new attorney, something that the court correctly observed he could do at anytime and specifically could have done during the 20 days between the filing of the motion to withdraw and the hearing on that motion. For all these reasons, the court did not abuse its discretion by denying the motion to withdraw or the motion for a continuance, and consequently did not violate Robinson's right to choose counsel.

## II.

As already noted, we review a motion to continue sentencing for abuse of discretion. Edouard, 485 F.3d at 1350. Where no constitutional considerations are implicated, the defendant "has the burden to demonstrate that the denial [of the continuance] produced specific substantial prejudice," and we will analyze the district court's decision "in light of the circumstances presented, focusing upon the reasons for the continuance offered to the trial court when the request was denied." Id.

Counsel based his request for the 60-day continuance on the need to prepare character witnesses and investigate Robinson's mental health. However, he did not explain why this preparation could not have been completed before the hearing, which had been scheduled for almost 30 days, and did not explain why such a long

continuance would be necessary. Accordingly, the court did not abuse its discretion by denying this motion.

Further, even if the court's denial was error, it is not clear that it resulted in substantial harm. Specifically, there was extensive character evidence in the PSI, and the guideline calculation was simple and did not expressly involve character issues. As to his claim of a mental disorder, the PSI noted that Robinson himself had stated that he was treating the disorder with exercise and that he did not need treatment. Further, there had never been a claim that he was not competent.

**III.**

We review the district court's interpretation of the sentencing guidelines <u>de novo</u> and its factual findings under the guidelines for clear error. <u>United States v. Pope</u>, 461 F.3d 1331, 1333 (11th Cir. 2006).

According to the rules in U.S.S.G. § 4A1.1, a defendant's criminal history score, and therefore his criminal history category, is determined by, among other things: (1) adding 3 points for "each prior sentence of imprisonment exceeding one year and one month"; (2) adding 2 points for "each prior sentence of imprisonment exceeding at least sixty days" not already counted; and (3) adding one point – but not more than 4 points total – for any prior sentences not already counted. U.S.S.G. § 4A1.1(a)-(c). This section adds further points: (1) if the

offense of conviction was committed while on probation or parole, etc., or less than two years after release from imprisonment; or (2) for prior convictions of crimes of violence related to crimes already scored.  Id. § 4A1.1(d)-(f).

The guidelines define a "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense."  Id. § 4A1.2(a)(1).  The background commentary to this section states, in relevant part:

> Prior convictions may represent convictions in the federal system, fifty state systems, the District of Columbia, territories, and foreign, tribal, and military courts. There are jurisdictional variations in offense definitions, sentencing structures, and manner of sentence pronouncement. To minimize problems with imperfect measures of past crime seriousness, criminal history categories are based on the maximum term imposed in previous sentences rather than on other measures, such as whether the conviction was designated a felony or misdemeanor.

Id. § 4A1.1, comment. (backg'd.) (emphasis added).  In contrast, the application of criminal history enhancements for career offenders and armed career criminals, among others, depend on information regarding the elements or nature of the offense, including whether drugs or violence was involved.  See U.S.S.G. §§ 4B1.1, 4B1.2, 4B1.4.

Here, Robinson was not scored as either a career offender or an armed career criminal.  Therefore, as the government notes, and the commentary to the

8

guidelines suggests, the only facts necessary in the calculation of his criminal history here was the existence and date of the conviction and the length of the sentence. Moreover, although Robinson argued that the PSI's lack of description and the sources the probation officer relied upon did not provide enough information to prove his criminal history score, he did not argue that any of the information provided was incorrect. Thus, the court had no reason to think that it could not rely on the PSI to establish the fact and date of the convictions and the sentences imposed, and therefore his criminal history score. See United States v. Jones, 289 F.3d 1260, 1266 (11th Cir. 2002) (holding that the district court properly relied on the unchallenged PSI findings regarding defendant's financial status).

Finally, Robinson on appeal still does not attack the facts contained in the PSI about his prior convictions, but only alleges that more information regarding the circumstances of those convictions was necessary. In support of his argument, Robinson cites Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), and Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). However, those cases concern sentencing calculations that required a determination regarding the nature of the prior convictions. See Shepard, 544 U.S. at 15, 125 S.Ct. at 1257 (reviewing 15-year mandatory

enhancement under Armed Career Criminal Act, 18 U.S.C. § 924(e), which allows enhancement for a "violent felony," and clarifying which documents court can review to ascertain the character of a prior burglary); Taylor, 495 U.S. at 578-81, 110 S.Ct. at 2147-50 (reviewing whether prior burglary conviction justified a 15-year minimum enhancement for committing a "violent felony" under 18 U.S.C. § 924(e)).  In Robinson's case, no such determination was necessary to calculate his sentence.  Accordingly, the district court did not err in this regard.

**IV.**

Following Booker,[1] we review the district court's sentence for reasonableness.  United States v. Talley, 431 F.3d 784, 785 (11th Cir.2005).  Such review is deferential, requiring us to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in [18 U.S.C.] section 3553(a)."  Id. at 788.

The § 3553(a) factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) whether the sentence is "sufficient, but not greater than necessary, to comply with . . . the need for the sentence imposed– (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford

---

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(1)-(2).

We have several times held that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the [§ 3553(a)] factors or to discuss each of the [§ 3553(a)] factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005); see also United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) (holding that although the district court had not explicitly stated that it had considered the § 3553(a) factors, it was clear from the court's consideration of objections to the PSI and a motion for a downward departure that it had indeed considered those factors). This rule, especially in the case of a sentence within the guidelines, was recently supported by the Supreme Court. See Rita v. United States, 551 U.S. ___, 127 S.Ct. 2456, 2468-69, 168 L.Ed.2d 203 (2007). Specifically, Rita held that the sentencing judge is only required to "set forth enough to satisfy the appellate court that he ha[d] considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority." Id. at ___, 127 S.Ct. at 2468.

Finally, "a sentence may be reviewed for procedural or substantive

11

unreasonableness." United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). A sentence is procedurally unreasonable "if it is the product of a procedure that does not follow Booker's requirements, regardless of the actual sentence." Id.

In this case, Robinson essentially only challenges the procedure the court used in imposing sentence, but does not challenge "the actual sentence." Id. Specifically, he argues that the sentence was by its nature unreasonable because the court failed to consider the § 3553(a) sentencing factors, generally, and his bipolar disorder particularly. Thus, he has not raised a challenge to the substantive reasonableness of his sentence, and that issue is therefore abandoned. United States v. Ford, 270 F.3d 1346, 1347 (11th Cir. 2001) ("issues and contentions not timely raised in the briefs are deemed abandoned").

The court here expressly stated that it had considered the statements of the parties and the PSI, including the advisory guidelines, and "the statutory factors." Further, during the hearing the court discussed the length of the conspiracy, the amount stolen, Robinson's explanation of the offense, and his criminal record. See 18 U.S.C. § 3553(a)(1)-(2). Both parties then asked the court to sentence Robinson within the guidelines. Accordingly, the district court did not err by failing to provide further analysis of the sentencing factors, as it is clear from the substance of the hearing – and from the court's own statement – that it did indeed consider

12

them.  Dorman, 488 F.3d at 944.  As to the suggestion that Robinson had a mental health issue, Robinson's counsel only noted this as a "potential mitigating factor," and did not press the issue any further.  In addition, the issue was addressed in the PSI, which the court stated it had read.  There, Robinson reported that he did not believe he needed treatment.  Thus, nothing about this specific issue suggests that the district court failed to consider the sentencing factors.

Thus, the court did not err, and Robinson's sentence was procedurally reasonable.

## V.

It is well established that we generally will not consider ineffective assistance of counsel claims on direct appeal unless there is sufficient evidence on the record.  See United States v. Andrews, 953 F.2d 1312, 1327 (11th Cir. 1992); see also Massaro v. United States, 538 U.S. 500, 504-05, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003).  Specifically, "[t]o obtain a reversal of a conviction because of constitutionally ineffective assistance of counsel, a defendant must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense.  Counsel is held to a standard of 'reasonably effective assistance[.]'"  Andrews, 953 F.2d at 1327.

Although clearly Robinson and his sentencing counsel had problems in their

relationship, the record does not contain sufficient evidence regarding counsel's performance for us to review it. <u>Massaro</u>, 538 U.S. at 504-05, 123 S.Ct. at 1694. Furthermore, there is no need to raise the issue here in order to preserve it for collateral review. <u>Id.</u> at 504, 123 S.Ct. at 1694 ("We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal").

In light of the foregoing, Robinson's sentence is

**AFFIRMED.**