[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 14, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10334
Non-Argument Calendar

_____

D. C. Docket No. 07-20526-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN A. HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 14, 2008)

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Steven Antwan Harris appeals his 151-month sentence for conspiracy to

possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). On appeal, Harris argues that his sentence was substantively unreasonable because the district court did not exercise individualized discretion and did not consider the factors set forth in 18 U.S.C. § 3553(a) in sentencing him. In addition, Harris argues in his reply brief that his sentence is unreasonable in light of Begay v. United States, ___ U.S. ___, 128 S. Ct. 1581 (2008) and United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), because his conviction for carrying a concealed weapon would no longer be considered a crime of violence for purposes of classifying him as a career offender. We do not reach Harris's last argument as his failure to properly preserve it in his initial brief on appeal forecloses our present consideration of it. As regards Harris's remaining arguments, we conclude that they are without merit. Accordingly, we AFFIRM.

## I. BACKGROUND

On 3 January 2008, Harris pled guilty to one count of conspiracy to possess with intent to distribute cocaine. The district court adjudged him guilty and sentenced him to 151 months of imprisonment. At the sentencing hearing, the district court calculated Harris's offense level at 29 with a criminal history category of VI, yielding an advisory guideline range of 151-188 months imprisonment. Harris did not object to the district court's calculation of the

2

guideline range but did object to his classification as a career offender, claiming that his 2001 conviction for carrying a concealed firearm should not be considered by the court as a "crime of violence" for the purpose of enhancing his sentence.[1] Harris also renewed his previous request for a sentence below the advisory guideline range, arguing that a sentence within the range would be unreasonable based on his criminal history and in light of the sentences received by his co-defendant (Adia Hudson) and co-conspirator (Eric Vandyke).

On appeal, Harris argues that the sentence imposed by the district court was substantively unreasonable. Specifically, Harris contends that his criminal history category over-represented the seriousness of his past crimes, his sentence was the product of racial disparities inherent within the guidelines, and his sentence creates an unwarranted sentencing disparity when compared to the sentences of his codefendant and co-conspirator.

## II. DISCUSSION

As an initial matter, to the extent that Harris attempts to raise arguments for the first time in his reply brief, we cannot consider them. United States v. Levy, 416 F.3d 1273, 1276 n.3 (11th Cir. 2005) (per curiam) (holding that "this Court . . . declines to consider issues raised for the first time in an appellant's reply brief").

---

[1] At the sentencing hearing, Harris conceded that controlling case law from our circuit held otherwise.

We have stated that it is a "well established rule . . . that issues and contentions not timely raised in the briefs are deemed abandoned." United States v. Ford, 270 F.3d 1346, 1347 (11th Cir. 2001) (per curiam). As such, we do not consider Harris's argument that he does not qualify for sentencing as a career offender because carrying a concealed weapon is no longer considered a crime of violence. We now turn to Harris's remaining arguments.

We review a criminal sentence for reasonableness. United States v. Booker, 543 U.S. 220, 261, 125 S. Ct. 738, 765-66 (2005). In so doing, we employ an abuse-of-discretion standard and follow the two-step process outlined by the Supreme Court in carrying out that review. Gall v. United States, ___ U.S. ___, ___, 128 S. Ct. 586, 597 (2007). First, we must ensure the district court committed no significant procedural error, such as failing to calculate the guidelines range, treating the guidelines as mandatory rather than advisory, failing to consider the appropriate statutory factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately the chosen sentence. Id. at __, 128 S. Ct. at 597.

"Assuming that the district court's sentencing decision is procedurally sound," we "then consider the substantive reasonableness of the sentence imposed." Id. In determining whether a sentence is substantively reasonable, we

4

must "take into account the totality of the circumstances, including the extent of any variance from the guidelines range." Id. at __, 128 S. Ct. at 597; United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). Although we do not presume a sentence within the guidelines is reasonable, we have held that the use of the guidelines remains central to the sentencing process. United States v. Campbell, 491 F.3d 1306, 1313, 1315 (11th Cir. 2007); United States v. Talley, 431 F.3d 784, 787 (11th Cir. 2005) (per curiam). The party challenging the sentence has the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors. Talley, 431 F.3d at 788.

Throughout our reasonableness review, we must consider the factors outlined in § 3553(a). United States v. Williams, 435 F.3d 1350, 1355 (11th Cir. 2006) (per curiam). The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to afford adequate deterrence, to promote respect for the law, to provide just punishment for the offense, to protect the public, and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the sentencing guidelines' range; (5) pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among

5

similarly situated defendants with similar records; and (7) the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1)-(7). When applying these factors to a particular sentence, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir.) (internal punctuation and citations omitted), cert. denied, __ U.S. __, 128 S. Ct. 671 (2007). Although the district court must consider all of the § 3553(a) factors when sentencing a defendant, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." Talley, 431 F.3d at 786.

Because Harris does not allege any procedural error by the district court, we address his arguments regarding the alleged substantive unreasonableness of the district court's sentence.[2] First, Harris argues that his criminal history category over-represented the seriousness of his past crimes. He contends that the district court did not properly exercise its sentencing discretion and failed to consider all of the § 3553(a) factors in its sentencing decision. Harris's argument is not supported

---

[2] Assuming an offense level of 29 and a criminal history category VI, the district court correctly calculated Harris's guideline range as 151-188 months of imprisonment. See U.S.S.G. ch. 5 pt. A (Jan. 2008).

by the record. The district court acknowledged its discretion in imposing a sentence above or below the guidelines. Moreover, the court expressly stated that it considered the § 3553(a) factors, including "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes. . . ." The district court correctly considered the parties' statements, the Presentence Investigation Report ("PSI"), and the § 3553(a) factors and ultimately found that a sentence at the lowest point of the advisory guideline range was warranted. Id.

Harris's second argument concerns alleged racial disparities inherent in the guidelines. Harris contends that his sentence was the product of such racial disparities and was therefore unreasonable. This argument is misplaced. In condemning the guidelines in general, Harris fails to demonstrate how the district court erred in considering those guidelines, as one of many factors, in fashioning his sentence. Defining and fixing penalties for federal crimes is a Congressional, not a judicial, function. See United States v. Evans, 333 U.S. 483, 486, 68 S. Ct. 634, 636 (1948). Absent a showing that the guidelines are unconstitutional in general or as applied to Harris – and here there is no such showing – Harris's argument must fail.

Finally, Harris argues that his sentence creates an unwarranted sentencing disparity when compared to the sentences of Hudson and Vandyke. Harris contends that the district court did not consider the length of their sentences and that this failure resulted in an unreasonable sentence for him. Again, Harris's argument is not borne out by the record. First, the district court did consider Hudson and Vandyke's sentences before determining Harris's sentence. Second, Harris does not show that either Hudson or Vandyke shared his status as a career offender. See 18 U.S.C. § 3553(a)(6) (providing that the court shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct") (emphasis added). Accordingly, we discern no error.

## III. CONCLUSION

Harris appeals his 151-month sentence for conspiracy to possess with intent to distribute cocaine. Because the district court considered the recommended guideline range, along with the factors set forth in 18 U.S.C. § 3553(a), and because Harris failed carry his burden of showing that his sentence was unreasonable, the district court did not err. **AFFIRMED.**