[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11493
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 16, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-14168-CV-KMM

SIEGFRIED CHRISTMAN,

Plaintiff-Appellant,

versus

MATTHEW PIETRZAK,

Defendant-Appellee,

BOBBY BEAMS,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 16, 2008)

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Plaintiff-appellant, Siegfried Christman appeals the district court's grant of summary judgment in favor of defendant-appellee, Matthew Pietrzak, a police officer with the Port St. Lucie Police Department. Christman brought a claim under 42 U.S.C. § 1983 alleging deprivation of his Fourth Amendment and due process rights when Pietrzak arrested him for DUI. The district court granted Pietrzak's motion for summary judgment, based on qualified immunity. We AFFIRM.

## I. BACKGROUND

On 17 August 2005, Christman was pulled over by Officer Cotterman, another officer with the Port St. Lucie Police Department. Cotterman was responding to a 911 call about a white Mustang being driven in an erratic fashion when Christman, driving a white Mustang, nearly collided with Cotterman's patrol car. Pietrzak appeared at the scene shortly thereafter, approached Christman's vehicle, asked him for his paperwork, and performed a field sobriety test. The field sobriety test was videotaped. During the course of the stop, Pietrzak observed many indicators suggesting that Christman was intoxicated. Pietrzak noted that Christman smelled strongly of an alcoholic beverage, his speech was slurred and his eyes were bloodshot and watery. When exiting his vehicle in order to execute the

2

field sobriety test, Christman stumbled and nearly fell to the ground. Prior to the sobriety test, Christman denied having any physical problems or medical conditions. R2-70, Exh. B at 5.

After failing the roadside field sobriety test, Christman was arrested at the scene. Pietrzak attested in his affidavit that, following the arrest, he "read Mr. Christman the implied consent law, however, Mr. Christman refused to submit to a breath test." Id. Christman denied that Pietrzak read him the implied consent law and claimed that Pietrzak refused his offer to undergo blood or urine tests at the police station after his arrest. R1-19 at 4.

Christman filed a § 1983 claim with the district court against Pietrzak and Bobby Beams, a hearing officer with the Bureau of Administrative Reviews of the Florida Department of Highway Safety and Motor Vehicles, related to his DUI arrest and the subsequent suspension of his driver's license. In his complaint, Christman also raised an issue regarding medical treatment, contending that law enforcement's priority is the DUI investigation procedure and not providing medical care. Christman claimed that his erratic driving and behavior may have been the result of a medical condition, "cardiac problems," although he offered no evidence to support this claim.

Pietrzak and Beams each filed a motion for summary judgment. Both

claimed qualified immunity and cited Christman's failure to state a claim under which relief can be granted under § 1983. The magistrate judge recommended to the district court that both motions for summary judgment be granted. The district court adopted the magistrate judge's report and recommendation and granted summary judgment for both Pietrzak and Beams, finding that Pietrzak was entitled to qualified immunity and that Beams was entitled to absolute quasi-judicial immunity. The district court found no merit in Christman's medical health claim, noting the lack of any evidence that Christman had an actual cardiac condition or was suffering from one at the time of his arrest.

Christman now appeals the district court's grant of summary judgment in favor of Pietrzak.[1] Christman raises three arguments on appeal: (1) the district court erred in granting summary judgment because there was a genuine issue of material fact which precludes summary judgment; (2) Pietrzak was not entitled to qualified immunity; and (3) Pietrzak deprived Christman of his due process rights by ignoring his offer to take a blood or urine test at the police station following his arrest.

---

[1] Christman has not appealed the district court's grant of summary judgment in favor of Beams. Issues not raised on appeal are considered abandoned. United States v. Ford, 270 F.3d 1346, 1347 (11th Cir. 2001)(per curium).

## II. DISCUSSION

We review a district court's decision regarding summary judgment on a § 1983 claim de novo.  Cagle v. Sutherland, 334 F.3d 980, 985 (11th Cir. 2003)(per curium).  We use the same legal standards as the district court and draw evidentiary inferences in favor of the nonmoving party.  Id.  We now address each of Christman's arguments in turn.

A.     Whether a Genuine Issue of Material Fact Precluded the District Court from Granting Summary Judgment

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law.  See Federal Rule of Civil Procedure 56; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1355-56 (1986).  The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the non-movant's favor.  See Adickes v. S. H. Kress & Co., 398 U.S. 144, 158, 90 S. Ct. 1598, 1609 (1970).   Once met by the moving party, however, the burden shifts to the non-moving party to come forward with evidence to establish each element essential to that party's case sufficient to sustain a jury verdict.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); Earley v. Champion Int'l Corp., 907 F.2d 1077, 1080 (11th Cir. 1990).  In addition, the non-moving party's evidence on rebuttal must be

5

significantly probative and not based on mere assertion or be merely colorable.  See

Rule 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct.

2505, 2511 (1986).

Christman has not met his burden as the non-moving party.  He argues that

Pietrzak did not offer him a Breathalyzer test at the scene on 17 August 2005.

This directly contrasts with Pietrzak's assertion in his affadivit that he both read

Christman the implied consent law and offered him a breathalyzer test.   Christman

points to no evidence supporting his version of events, in the form of an affidavit or

otherwise, other than a recitation of allegations in his amended pleading.  Given the

complete lack of evidence in support of Christman's argument, the district court

properly disregarded Christman's argument that the previously discussed

discrepancy constituted a genuine issue of material fact precluding the district court

from granting summary judgment.

B.  Whether Pietrzak was Entitled to Qualified Immunity

"A government official who is sued under § 1983 may seek summary

judgment on the ground that he is entitled to qualified immunity."  Crosby v.

Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004).  Eligibility for qualified

immunity is a well-settled area of the law in this circuit.  We have held that "[t]o be

eligible for qualified immunity, ... [an] official must first establish that he was

6

performing a 'discretionary function' at the time the alleged violation of federal law occurred." Id. The burden then shifts to the plaintiff to demonstrate that the official is not entitled to qualified immunity. Id. In order to do so, "the plaintiff must show two things: (1) that the defendant has committed a constitutional violation and (2) that the constitutional right the defendant violated was 'clearly established' at the time he did it." Id.

Pietrzak met the threshold requirement for qualified immunity – establishing that he was performing a discretionary function at the time the alleged violation of federal law occured. Making an arrest is clearly within the official responsibilities of a police officer. Id. We now turn to the question of whether qualified immunity entitled Pietrzak to summary judgment insofar as the Fourth Amendment and due process claims brought against him are concerned. First, we address Christman's Fourth Amendment claim.

The district court correctly characterizes "arguable probable cause" as dispositive to questions of both Pietrzak's claim of qualified immunity and Christman's Fourth Amendment rights. R2-81 at 6. It is well established in our circuit that when there is "arguable probable cause for an arrest," "qualified immunity applies" "even if actual probable cause did not exist." Crosby, 394 F.3d at 1332; Jones v. Cannon, 174 F.3d 1271, 1283 n.3 (11th Cir. 1999)("Arguable

7

probable cause, not the higher standard of actual probable cause, governs the qualified immunity inquiry.").  The record in this case contains ample evidence that Pietrzak met the standard of arguable probable cause for an arrest.[2]  As noted by the district court, there was the interview with the private citizen who called in the 911 report, Officer Cotterman's observations of erratic driving and physical signs of intoxication, Pietrzak's own observations of physical signs of intoxication, Christman's denial of any medical condition, and the failed roadside sobriety test.

As Pietrzak clearly had arguable probable cause to arrest Christman, Christman's Fourth Amendment rights were not violated.  As such, Christman's challenge of Pietrzak's entitlement to qualified immunity as regards his Fourth Amendment argument fails on the first prong and the inquiry need go no further.  We now consider Christman's final argument.

C.  Whether Pietrzak Deprived Christman of his Due Process Rights by Ignoring his Offer to Take a Blood or Urine Test at the Police Station Following his Arrest

Christman argues that Pietrzak ignored his request to take a blood or urine test at the police station following his arrest.  He reasons that such a test, if performed, would have provided objective evidence that he was not intoxicated at the time of his arrest and so the subsequent one-year suspension of his driver's

---

[2] Crosby, 394 F.3d at 1332 ("Arguable probable cause exists if, under all of the facts and circumstances, an officer reasonably could – not necessarily would – have believed that probable cause was present.").

licence would not have occurred. Thus, Christman argues, Pietrzak violated his due process rights. Furthermore, Christman argues that Pietrzak was not entitled to qualified immunity as regards his due process claim because Pietrzak was not exercising a discretionary function when he ignored Christman's request to take the blood or urine test.

Christman's argument is misplaced. Although more properly styled as a procedural due process claim, our analysis need not proceed that far.[3] Pietrzak was entitled to qualified immunity when he arrested Christman at the scene on 17 August 2005. The district court correctly found that Pietrzak was not accountable for the constitutionality or the conduct of any of the proceedings against Christman as a consequence of his DUI arrest. R2-81 at 7.

### III. CONCLUSION

Christman appeals the district court's grant of summary judgment to Pietrzak. Christman argued both that the district court overlooked a genuine issue of material fact and that Pietrzak was not entitled to qualified immunity concerning his Fourth Amendment and due process claims. We conclude that the district court's decision

---

[3] Zinermon v. Burch, 494 U.S. 113, 126, 110 S. Ct. 975, 983 (1990)("The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."); McKinny v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994). Christman had ample opportunity to contest the suspension of his driver's license at an administrative hearing held for that purpose. R70, Exh. F.

is without error.  Accordingly, the district court's judgment is **AFFIRMED**.