[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11742
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-00023-MW-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEVI JERMAINE GRIFFIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 2, 2019)

Before MARCUS, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

In 2018, a federal jury convicted Levi Griffin of one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). He now appeals his conviction. First, he contends—for the first time on appeal—that the district court plainly erred, under Federal Rule of Evidence 404(b), in admitting evidence at trial regarding a web browser history found on the tablet computer that contained the images of child pornography at issue in this case. Second, he argues that the district court erred in denying his motion for judgment of acquittal, because the evidence was not sufficient to permit the jury to find that he *knowingly* possessed the child pornography found on the aforementioned tablet. We address his contentions in turn.

## I

We normally review a district court's evidentiary rulings for an abuse of discretion. *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003) (citation omitted). However, where a defendant fails to object to the admission of evidence on a particular ground—as is the case here—his general objection or his objection on another ground will not suffice to preserve an issue for appeal. *United States v. Gallo-Chamorro*, 48 F.3d 502, 507 (11th Cir. 1995). In those circumstances, we review an unpreserved evidentiary objection for plain error. *United States v. Chilcote*, 724 F.2d 1498, 1503 (11th Cir. 1984). Under that standard, we may not correct an error that the defendant failed to raise in the district court unless: (1) an

error occurred; (2) the error was plain; (3) the error affected the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007).

Moreover, we have long held that "issues and contentions not timely raised in the briefs are deemed abandoned" and generally will not be considered. *United States v. Ford*, 270 F.3d 1346, 1347 (11th Cir. 2001) (*per curiam*).

Federal Rule of Evidence 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. But Rule 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.*, R. 403. However, Rule 403 "is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010) (quoting another source).

In reviewing issues under Rule 403, we look at the evidence in the light most favorable to its admission, "maximizing its probative value and minimizing its undue prejudicial impact." *Id.* (quoting another source).  As we have long noted,

> Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter[s] under Rule 403. Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.

*United States v. Mills*, 704 F.2d 1553, 1560 (11th Cir. 1983) (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)).

Federal Rule of Evidence 404(b) does not apply when evidence of a prior act is intrinsic to the charged offense.  *See United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007).  Evidence of another act is intrinsic when "(1) [the] uncharged offense … arose out of the same transaction or series of transactions as the charged offense, (2) [it is] necessary to complete the story of the crime, or (3) [it is] inextricably intertwined with the evidence regarding the charged offense." *Id*. (quoting *United States v. Baker*, 432 F.3d 1189, 1205 n.9 (11th Cir. 2005)).  Evidence is inextricably intertwined when it tends to corroborate, explain, or provide necessary context for evidence regarding the charged offense.  *See United States v. Jiminez*, 224 F.3d 1243, 1249–50 (11th Cir. 2000).

4

Even if evidence of other crimes is extrinsic, it may be admissible for another purpose, such as to demonstrate knowledge, motive, intent, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). To be admissible, Rule 404(b) extrinsic evidence must (1) be relevant to one of the enumerated issues other than the defendant's character, (2) be supported by sufficient evidence to allow a jury to determine that the defendant committed the act, and (3) not be unduly prejudicial under the standard set forth in Rule 403. *Edouard*, 485 F.3d at 1344.

Regarding the first prong of the Rule 404(b) test, a criminal defendant makes his intent relevant by pleading not guilty. *United States v. Zapata*, 139 F.3d 1355, 1358 (11th Cir. 1998) (*per curiam*). Additionally, evidence that a defendant engaged in similar behavior in the past makes it more likely that he did so knowingly, and not because of accident or mistake, on the current occasion. *See United States v. Jernigan*, 341 F.3d 1273, 1281–82 (11th Cir. 2003). As to the second prong of the Rule 404(b) test, there is sufficient proof of the other acts if a jury could find by a preponderance of the evidence that the defendant committed the act. *See Edouard*, 485 F.3d at 1345. A single witness's uncorroborated testimony can provide an adequate basis for a jury to find that the prior act occurred. *See United States v. Barrington*, 648 F.3d 1178, 1187 (11th Cir. 2011). Under the third prong, we conduct a Rule 403 analysis to determine whether the

5

probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *See United States v. Barron-Soto*, 820 F.3d 409, 417 (11th Cir. 2016).

The record demonstrates that, in the district court, Griffin challenged the admissibility of evidence relating to the browser history found on the tablet solely on the grounds that that evidence should have been excluded under Federal Rule of Evidence 403. The record also shows that, in overruling this particular evidentiary objection, the district court conducted a Rule 403 analysis. On appeal, Griffin does not raise any Rule 403 arguments, and has instead opted to—for the first time— challenge the district court's admission of the aforementioned evidence on the basis that it was not admissible under Federal Rule of Evidence 404(b). As such, he has abandoned any argument based on Rule 403, and we review his claim of error under Rule 404(b) for plain error. *See Ford*, 270 F.3d at 1347 (issues and arguments not presented in a party's brief on appeal are deemed abandoned and need not be considered); *see also Chilcote*, 724 F.2d at 1503 (issues raised for the first time on appeal in criminal cases are reviewed for plain error).

Griffin has failed to show that the district court plainly erred, under Rule 404(b), by allowing into evidence testimony and documentary evidence regarding the web browser history. The crux of Griffin's defense was that he did not *knowingly* possess the child pornography contained on the tablet, and he suggested that another individual could have been responsible for downloading that illicit

6

media to the tablet. Thus, his knowledge that illicit media was on his computer became the sole disputed issue at trial. As such, evidence regarding the tablet's browser history was admissible under Rule 404(b), because: (1) it served the permissible purpose of proving his knowledge that the tablet contained child pornography; (2) the evidence showed that Griffin exercised primary dominion and control over the tablet and thus that it was more likely than not that he viewed the pornography websites memorialized in that browser history; and (3) Rule 403 did not forbid the admission of that evidence, because its significant probative value was not substantially outweighed by the risk of unfair prejudice. *Edouard*, 485 F.3d at 1344; Fed. R. Evid. 404(b). Accordingly, we affirm in this respect.

## II

We typically review *de novo* the denial of a defendant's properly preserved motion for judgment of acquittal. *United States v. Perez-Tosta*, 36 F.3d 1552, 1556 (11th Cir. 1994) (citations omitted). However, we have previously held that we will review only for plain error where, as here, an appellant's sufficiency-of-the-evidence argument on appeal is different from the argument he presented to the district court. *United States v. Straub*, 508 F.3d 1003, 1010–11 (11th Cir. 2007).

We will uphold the district court's denial of a motion for judgment of acquittal "if a reasonable trier of fact could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez*, 218

F.3d 1243, 1244 (11th Cir. 2000) (*per curiam*).  "The district court's decision on sufficiency of the evidence is entitled to no deference by this [C]ourt."  *United States v. Taylor*, 972 F.2d 1247, 1250 (11th Cir. 1992).  However, we must view the facts, and draw all reasonable inferences therefrom, in the light most favorable to the jury's verdict.  *United States v. Hanson*, 262 F.3d 1217, 1236 (11th Cir. 2001) (*per curiam*) (quoting another source).

The test for sufficiency of evidence does not differ "regardless of whether the evidence is direct or circumstantial" and we do not draw a distinction between "the weight given to either direct or circumstantial evidence."  *United States v. Mieres-Borges*, 919 F.2d 652, 656–67 (11th Cir. 1990) (quoting *United States v. Gonzalez*, 719 F.2d 1516, 1521 (11th Cir. 1983)).  However, where the government relies on circumstantial evidence, reasonable inferences—not mere speculation—must support the jury's verdict.  *United States v. Mendez*, 528 F.3d 811, 814 (11th Cir. 2008) (*per curiam*).

Moreover, credibility questions are for the jury, and we will assume that the jury answered them all in a manner that supports the jury's verdict.  *Jiminez*, 564 F.3d at 1285.  A jury is free to choose among alternative, reasonable interpretations of the evidence.  *Id.*  Testimony will not be considered incredible as a matter of law, unless it cannot be believed on its face, such as, for example, when a witness testifies to facts that she could not have possibly observed or events that could not

8

have occurred under the laws of nature. *United States v. Thompson*, 422 F.3d 1285, 1291 (11th Cir. 2005).

Pursuant to 18 U.S.C. § 2252A(a)(5)(B), it is unlawful to knowingly possess any material that contains an image of child pornography that has been mailed, shipped, or transported in interstate commerce. Accordingly, to convict a defendant under this statute, the government must prove that (1) the defendant knowingly possessed; (2) images or media of a minor; (3) depicting that minor engaging in sexually explicit conduct; and (4) using a facility of interstate commerce. *United States v. Grzybowicz*, 747 F.3d 1296, 1305 (11th Cir. 2014).

For the first time on appeal, Griffin challenges the sufficiency of the evidence on the basis that the evidence showed only that the child pornography contained on the tablet was either automatically or inadvertently downloaded. Thus, we review those claims for plain error. *See Straub*, 508 F.3d at 1010–11. Griffin did, however, argue to the district court that the evidence did not sufficiently prove that he knowingly possessed the child pornography found on the tablet, and thus we review that claim *de novo*. *Perez-Tosta*, 36 F.3d at 1556.

As to his preserved claim of error, Griffin has failed to show that the district court erred in denying his motion for judgment of acquittal, because the evidence was sufficient to permit a reasonable jury to conclude that he knowingly possessed the child pornography found on the tablet. *Rodriguez*, 218 F.3d 1243, 1244.

9

Among other things, that evidence included: (1) testimony that the tablet was Griffin's and that he exercised primary control over it; (2) user-created file folders, one of which was named after Griffin's daughter; (3) browser history revealing repetitive searches for pornography involving minors; and (4) Griffin's own inculpatory statements. And even though that evidence was largely circumstantial, it was sufficient to permit a reasonable jury to make the reasonable inference—as this jury did—that Griffin knew that the tablet contained child pornography. *See Mieres-Borges*, 919 F.2d at 656–67 (we make no distinction between the weight given to either direct or circumstantial evidence).

Moreover, Griffin has not shown that the district court plainly erred in denying his motion for judgment of acquittal on the basis that the evidence showed only that he inadvertently downloaded the child pornography to the tablet or that that media was automatically downloaded, because the evidence the government offered was sufficient to permit a reasonable jury to conclude that Griffin knowingly possessed the child pornography found on the tablet and that that media did not find its way onto the tablet automatically or by mistake. *Jiminez*, 564 F.3d at 1285 (the jury is free to choose among reasonable interpretations of the evidence). Accordingly, we affirm his conviction.

**AFFIRMED.**

10